# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS,<br><br>            Plaintiff,<br><br>   v.<br><br>E. & J. GALLO WINERY,<br><br>            Defendant.<br>_____/ | Case No. 1:19-cv-01482-NONE-SKO<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S CROSS-MOTION TO STAY**<br><br>(Docs. 23, 24) |

Pending before the Court is Plaintiff Vineyard Investigation's motion to compel Defendant to participate in the conference required by Federal Rule of Civil Procedure 26(f), filed November 9, 2020. (Doc. 23.) Defendant filed its opposition to the motion on November 25, 2020 (Doc. 25), and Plaintiff filed its reply in support of the motion on December 2, 2020 (Doc. 26).

After having reviewed the motion and supporting documents, the motion to compel was deemed suitable for decision without oral argument, and the undersigned vacated the hearing set for December 9, 2020. (Doc. 27.) For the reasons set forth below, the motion shall be denied.

Also pending is Defendant's cross-motion to stay discovery pending resolution of its motion to dismiss, filed November 25, 2020 (Doc. 24), to which Plaintiff has filed an opposition (Doc. 28). Because the Court denies Plaintiff's motion to compel, Defendant's cross-motion shall be denied as moot.

## I. BACKGROUND

On October 18, 2019, Plaintiff filed this action alleging that Defendant infringes two patents owned by Plaintiff. (*See* Doc. 1.) After an agreed-upon enlargement of time (Doc. 9),

Defendant filed its motion to dismiss on December 27, 2019. (Doc. 13.) Defendant moves to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the subject patents are invalid. (*See id.*)

On January 6, 2020, the parties agreed to hold a Federal Rule of Civil Procedure 26(f) conference of counsel on January 8, 2020, in preparation for the upcoming scheduling conference, which at that time was set for January 28, 2020. (*See* Doc. 4; Doc. 23-2 at ¶ 2; Doc. 25-1 ¶ 2; Doc. 25-2 at 14.) On January 7, 2020, the undersigned issued a minute order continuing the mandatory scheduling conference, *sua sponte*, to June 18, 2020, in view of the pending motion to dismiss. (*See* Doc. 14.)

After receipt of the minute order, Defendant declined to participate in the conference on January 8, 2020, and suggested that it instead occur "closer to the date of the rescheduled conference and filing deadline." (Doc. 23-2 at ¶ 4; Doc. 25-1 at ¶ 3; Doc. 25-2 at 13.) Plaintiff responded that it still wished to conduct the Rule 26(f) conference, "to discuss at least the discovery plan items required by the rule." (Doc. 25-2 at 12. *See also* Doc. 23-2 at ¶ 4.) The parties exchanged additional correspondence throughout the month of January, but were unable to come to any agreement about when the Rule 26(f) conference would take place. (*See* Doc. 23-2 at ¶ 5; Doc. 25-1 at ¶¶ 3–4; Doc. 25-2 at 4–12.)

On February 10, 2020, pursuant to the Court's "Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California" (Doc. 18-1), Defendant's motion to dismiss was taken under submission on the papers and hearing was vacated. (Doc. 20.)

On June 2, 2020, Plaintiff contacted Defendant to schedule the Rule 26(f) conference in advance of the then pending scheduling conference on June 18, 2020. (*See* Doc. 23-2 at ¶ 5; Doc. 25-1 at ¶ 6; Doc. 25-2 at 4.) Defendant responded on June 3, 2020, that it would provide its availability. (*See* Doc. 25-2 at 4.) On June 5, 2020, the undersigned again continued, *sua sponte*, the scheduling conference to September 3, 2020, in light of the pending motion to dismiss. (Doc. 21.) Later that same day, Defendant notified Plaintiff that it would decline to participate in the Rule 26(f) conference, suggesting that the parties "revisit[] that later this year." (Doc. 23-2 ¶ 7; Doc. 25-1 ¶ 6; Doc. 25-2 at 3.)

Plaintiff contacted Defendant on August 11, 2020, again to schedule the Rule 26(f) conference in preparation for the scheduling conference, then set for September 3, 2020. (*See* Doc. 23-2 at ¶ 8; Doc. 25-1 at ¶ 5; Doc. 25-2 at 3.) Defendant responded on August 13, 2020, that it saw "no need to conduct a Rule 26 conference tomorrow, especially since our case remains unassigned and as such, the scheduling conference likely will be continued." (Doc. 25-2 at 2. *See also* Doc. 23-2 ¶ 9; Doc. 25-1 at ¶ 7.) On August 18, 2020, the scheduling conference was continued, *sua sponte*, to January 5, 2021, in light of the pending motion to dismiss. (Doc. 22.)

On November 9, 2020, Plaintiff informed Defendant of its intention to "file a motion asking the court to compel an immediate Rule 26(f) conference regardless of any further continuances of the motion decision." (Doc. 25-1 at ¶ 8; Doc. 25-2 at 2.) That same day, Plaintiff filed the instant motion. (Doc. 23.)

Defendant's motion to dismiss remains pending before the district judge. The parties' January 5, 2021, scheduling conference was continued, and is now set for May 20, 2021. (Doc. 29.)

## II. DISCUSSION

The parties' dispute concerns Plaintiff's desire to commence discovery in this case. Federal Rule of Civil Procedure 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

As the parties have not yet held a Rule 26(f) conference, and in the absence of a stipulation, Plaintiff may obtain early discovery under Rule 26(d) only by court order upon a showing of good cause. *See id*; *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.,* Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017).

Plaintiff, however, is not seeking early discovery under Rule 26(d), Instead, it seeks to compel Defendant to participate in a Rule 26(f) conference, so that it can proceed to commence discovery. (*See* Doc. 23.) Plaintiff contends that through its refusal to participate in the Rule 26(f) conference until after the Court rules on its motion to dismiss, Defendant has improperly

3

achieved a "de facto" stay of the case without having to make the requisite showing. (Doc. 23-1 at 7–9.)  Plaintiff further asserts that Defendant's repeated delay of the conference violates the requirement set forth in Rule 26(f)(1) that the parties confer "as soon as practicable." (Doc. 23-1 at 7, 10.)

Plaintiff's motion to compel will be denied. This Court and others within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not "practicable," given the stage of the proceedings. *See Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254 at *2, 3 (E.D. Cal. July 17, 2019). *See also Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019); *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013); *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013). In this case, the Court concludes that compelling Defendant to participate in a Rule 26(f) conference while its motion to dismiss is pending is not practicable.[1] The motion to dismiss, as Plaintiff itself describes, "goes to the factual merits of patent eligibility" and "is a substantive attack on the patents themselves." (Doc. 23-1 at 8)  As such, without opining on its merit, the Court observes that the motion raises significant issues, the resolution of which will likely define the scope of discovery, if any.[2] *See In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (denying motion to compel Rule 26(f) conference, deeming the plaintiffs' "efforts to pursue written discovery in this action [] premature" where "the parties intend to engage in substantial motion practice to challenge the operative pleading.").

Moreover, Plaintiff has not shown good cause to hold the Rule 26(f) conference prior to the Court's ruling on Defendant's motion to dismiss. *See, e.g.*, *Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the []

---

[1] Nor is holding a scheduling conference, which is why the undersigned has continued the conference while the motion to dismiss is pending. (*See* Docs. 14, 21, 22, .)

[2] That Defendant's motion to dismiss is potentially case-dispositive does not appear to be in dispute, although Plaintiff contends that the dispositive nature of the motion cannot be decided on the pleadings. (*See* Doc. 23-1 at 8.)

4

conference should be conducted on an earlier date" than 21 days before the scheduling conference). Plaintiff asserts that good cause exists because denial of the opportunity to "move forward with discussions for prompt resolution and discovery" is "unduly prejudicial," as Defendant "has been willfully infringing the asserted patents for years." (Doc. 23-1 at 11–12.) This argument, however, implicates the merits of Plaintiff's case, which are not before the undersigned. Further, the cases relied on by Plaintiff to establish good cause are unavailing, as they are either inapposite, s*ee Cobbler Nevada, LLC v. Buckman*, No. C15-1432 TSZ, 2017 WL 11421809 (W.D. Wash. Feb. 24, 2017) (no motion to dismiss pending), or out-of-circuit and not binding on this Court, *see Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867 (N.D. Tex. May 15, 2014).

### III.   CONCLUSION AND ORDER

The Court is vested with broad discretion to manage the process of discovery and to control the course of litigation, *see Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), with the goal of ensuring the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1. In that vein, the undersigned determines that postponing the Rule 26(f) conference, and therefore the opening of discovery, until after the resolution of Defendant's motion to dismiss in this case is an appropriate exercise of litigation economy and judicial efficiency—particularly given the judicial and public health emergencies in which this Court is currently mired. *See Zavala*, 2019 WL 3219254, at *2 (where the complaint is challenged by motion practice, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources.") (quoting *In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3); *Contentguard Holdings, Inc.*, 2013 WL 12072533, at *2 (denying motion to compel Rule 26(f) conference in patent case where motion to dismiss was pending, noting "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear. It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted.").

In the absence of good cause, Plaintiff's efforts to conduct the Rule 26(f) conference, and

thereby pursue discovery, are premature, and its argument that discovery is "stayed" is without merit. Discovery cannot be stayed until it is opened, and it is not opened until the Rule 26(f) conference occurs. The Rule 26(f) conference shall occur "as soon as practicable" following the Court's ruling on Defendant's motion to dismiss, but in any event no later than April 29, 2021, twenty-one days before the scheduling conference.

Based on the foregoing, Plaintiff's motion to compel (Doc. 23) is DENIED, and Defendant's cross-motion to stay discovery pending resolution of its motion to dismiss (Doc. 24) is DENIED as MOOT.[3]

IT IS SO ORDERED.

Dated:   **December 11, 2020**              /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant's cross-motion also seeks the alternative relief of a stay pending the outcome of the *inter partes* review of the subject patents by the U.S. Patent and Trademark Office, which Defendant filed on October 19, 2020. (*See* Doc. 24; Doc. 24-1 at 9, 13.) This request is DENIED WITHOUT PREJUDICE, subject to being renewed following resolution of Defendant's motion to dismiss, if appropriate.