# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

VINEYARD INVESTIGATIONS,

               Plaintiff,

    v.

E. & J. GALLO WINERY,

               Defendant.

_____/

Case No.  1:19-cv-01482-NONE-SKO

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

(Doc. 45)

## I.      INTRODUCTION

Before the Court is Plaintiff Vineyard Investigations' motion to amend the complaint, filed July 23, 2021.  (Doc. 45.)  Defendant E. & J. Gallo Winery filed an opposition brief on August 11, 2021. (Doc. 46.)  Plaintiff filed a reply brief on August 18, 2021.  (Doc. 47.)  After having reviewed the parties' papers and all supporting material, the matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for August 25, 2021, was vacated. (Doc. 49.)   For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

///

///

///

///

## II.    BACKGROUND

On October 18, 2019, Plaintiff filed a complaint against Defendant, alleging that Defendant has infringed upon U.S. Patent Nos. 8,528,834 ("'834 Patent") and 6,947,810 ("'810 Patent") (collectively, the "Asserted Patents"), relating to an automated vineyard irrigation system using in-field sensors, external data, and controls to manage soil variability.  (Doc. 1 ("Compl.") at ¶¶ 25, 31.)  On December 27, 2019, Defendant moved to dismiss Plaintiff's complaint on the grounds that the Asserted Patents are patent-ineligible under 35 U.S.C. § 101.  (Doc. 13.)  On January 4, 2021, the Court denied the motion to dismiss (Doc. 31), and Defendant subsequently denied infringement of the Asserted Patents in its answer and counterclaimed for declaratory judgment that the Asserted Patents are invalid and that Defendant has not infringed on any valid claims of the Asserted Patents (Doc. 32).  On May 20, 2021, the Court issued a Scheduling Order, setting, *inter alia*, a claim construction hearing for January 6, 2022.  (Doc. 41.)  On July 23, 2021, Plaintiff filed the instant motion to amend the complaint.  (Doc. 45.)

## III.    DISCUSSION

Plaintiff seeks to file a First Amended Complaint ("FAC") to assert infringement of an additional patent, U.S. Patent No. 10,645,881 ("'881 Patent"), which was issued on May 12, 2020—after the initial complaint was filed.  (Doc. 45 at 5; Doc. 45-2 at ¶ 34.)  According to Plaintiff, the '881 Patent "discloses and claims additional inventions related to various ways that external data (such as from satellites or other remote sources) and potential-based modeling (such as evapotranspiration models) can be integrated with irrigation control systems to deliver water (or other materials) to 'plant areas.'"  (Doc. 45 at 5 (quoting Doc. 45-2 at ¶ 35).)  Plaintiff contends that the '881 Patent is "indisputably related" to the Asserted Patents because all three patents involve inventions relating to smart irrigation systems.  (*Id.* at 4–5.)

Defendant opposes Plaintiff's motion to amend, claiming that Plaintiff unduly delayed and acted in bad faith in seeking amendment, which would be prejudicial to Defendant.  (Doc. 46 at 7–13.)  Defendant also contends that Plaintiff "failed to demonstrate that amendment is not futile."  (*Id.* at 7, 13–14.)

///

**A.     Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(1)–(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and internal quotation marks omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186.  "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  Of these factors, "[p]rejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Because the proposed amendments are based on the '881 Patent, which was issued after the filing of the original complaint (*see* Doc. 45-2 at ¶ 34), the Court must also consider the standard under Rule 15(d).  *See Aten Int'l Co., Ltd v. Emine Tech. Co.*, No. SACV09–0843AGMLGX, 2010 WL 1462110, at *3 (C.D. Cal. Apr. 12, 2010) (considering Rule 15(d) where two of the three patents the plaintiff sought to add to the operative complaint were issued after the filing of the initial complaint).  Under Rule 15(d), "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the

3

1   pleading to be supplemented." Fed. R. Civ. P. 15(d). "The standards for granting or denying a

2   motion to supplement pleadings under Rule 15(d) are the same as those applied under Rule 15(a),"

3   *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1175 (E.D. Cal. 2013)

4   (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190 (7th Cir. 1996)), with the addition that "[j]udicial

5   economy is a primary concern under a Rule 15(d) motion to supplement," *Aten Int'l Co.*, 2010 WL

6   1462110 at *5.

7   **B.      Analysis**

8         The Court will now apply the four <u>*Foman*</u> factors set forth above to this case.

9         **1.      Undue Prejudice**

10        "Prejudice to the opposing party is the most important factor" to consider in determining

11   whether to grant leave to amend. *Jackson*, 902 F.3d at 1397 (citing *Zenith Radio Corp. v. Hazeltine*

12   *Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing amendment bears the burden

13   of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187. Defendant contends that it would

14   be unduly prejudiced by the proposed amendment because litigating the '881 Patent will require

15   different facts, discovery, legal theories, and defenses. (Doc. 46 at 10–12.) In addition, Defendant

16   asserts that is it entitled to test the validity of the '881 Patent via motion to dismiss and/or *inter*

17   *pares* review before engaging in discovery related to the '881 Patent. (*Id.* at 12–13.)

18        In *Aten*, the plaintiffs sought to add three additional patents to the complaint, and the district

19   court rejected similar arguments by the defendants opposing amendment. *Aten*, 2010 WL 1462110,

20   at *4. The district court reasoned that the prejudice alleged by defendants—that "three new patents

21   will add new legal theories, require proof of additional facts, and delay the pending litigation"—

22   "amount[ed] to defending a lawsuit, and certainly [did not] rise to the level of prejudice required

23   to prohibit [the plaintiffs] from amending their complaint," given that the claim construction

24   hearing not yet been held and discovery in the case did not close for several months. *Id.* The court

25   observed that "[a]mended and supplemental patent claims are frequently added to existing

26   lawsuits." *Id.* (collecting cases).

27        Here, as in *Aten*, the Court finds that Defendant will not be unduly prejudiced by the

28   proposed amendment, as the case is still in its early stages. *See Robert Bosch LLC v. ADM 21 Co.*,

No. 210CV01930RLHLRL, 2011 WL 13249638, at *3 (D. Nev. July 12, 2011) (finding no prejudice in permitting additional patents to be added in part because "the case remains in its initial stages").  Pursuant to the Scheduling Order, non-expert discovery in this case does not close until September 2022, and the deadline for expert discovery is in January 2023.  (*See* Doc. 41.)  The claim construction hearing, currently set for January 6, 2022, has yet to be held.  (*See id.*)  Resolution of the case will undoubtedly be delayed if claims based on the '881 Patent are added, but "a mere pendency in the resolution of claims does not constitute substantial prejudice." *Sage Electrochromics, Inc. v. View, Inc.*, No. 12–CV–6441–JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014).

        To ensure that Defendant has a fair opportunity to address and respond to the new claims based on the '881 Patent, and for the parties to fulfill any other obligations in the course of litigation, the Scheduling Order will be modified in view of any amendment.  *See Sage Electrochromics*, 2014 WL 1379282, at *3 ("the way to avoid any prejudice to [the defendant] is to set a case schedule that does not deprive [the defendant] of its fair opportunity to respond to, and propose constructions of, the newly asserted claims"); *Space Data Corp. v. X*, No. 16–CV–03260–BLF, 2017 WL 3007078, at *4 (N.D. Cal. July 14, 2017) (finding minimal prejudice in the addition of three patents to the complaint where the claim construction hearing had not yet been held and the case was "still at its early procedural stage" and permitting changes to the case schedule so the parties could comply with disclosure obligations and prepare for the claim construction hearing).

        In sum, in the absence of any showing of undue prejudice to Defendant, the Court finds that this *Foman* factor militates in favor of granting the proposed amendment.

        **2.    Bad Faith**

        "Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early." *Yates v. W. Contra Costa Unified Sch. Dist.*, No. 16–CV–01077–MEJ, 2017 WL 57308, at *2 (N.D. Cal. Jan. 5, 2017) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)).  Bad faith also exists when the moving party seeks to amend merely "to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).  "Examples of bad faith have included—

1   but are not limited to—instances in which a party makes a claim without alleging any newly

2   discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes

3   a claim to harass or burden the other party." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp.

4   2d 1128, 1159 (N.D. Cal. 2010).

5        Defendant cursorily contends that Plaintiff acted in bad faith in seeking amendment for two

6   reasons: (1) Plaintiff purposefully delayed in seeking amendment "until the eve of serving its

7   infringement contentions, trying to force Defendant to respond with invalidity contentions as to

8   [the '881 Patent] on a shortened basis"; and (2) Plaintiff did not file the application for the '881

9   Patent until June 7, 2019, "which suggests that [Plaintiff] waited until it could learn about

10  [Defendant's] irrigation systems so that it could try to tailor the '881 Patent's claims to

11  [Defendant's] accused systems, rather than to legitimately claim its invention." (Doc. 46 at 7.)  The

12  Court finds that Plaintiff did not act in bad faith in seeking amendment.

13       Defendant's second claim is purely speculative, and the Court will not make a finding of bad

14  faith without evidence to support Defendant's allegation.  As for Defendant's first contention,

15  Plaintiff, in its reply, states that it is "<u>willing to forgo the Sept. 2 invalidity contentions specific to</u>

16  <u>the '881 [P]atent from [Defendant]</u>[.]" (Doc. 47 at 2 (emphasis in original).)  As Plaintiff also notes

17  (*see* Doc. 47 at 1), Plaintiff did not believe that the exchange of infringement and invalidity

18  contentions was necessary in this case and opposed the inclusion of such as part of the case

19  schedule. (*See* Doc. 38 at 11.)  Accordingly, Defendant's claim that Plaintiff deliberately timed its

20  request for amendment to reduce Defendant's time to produce invalidity contentions as to the '881

21  Patent is unsupported by the existing record.  In any event, as discussed above, should amendment

22  be granted, the Court will ensure that Defendant has adequate time to respond to, and comply with

23  any obligations arising from, claims based on the '881 Patent.

24       In sum, the Court is not convinced that Plaintiff's motion to amend was brought in bad faith

25  and finds that this *Foman* factor weighs in favor of amendment.

26       **3.       Undue Delay**

27       "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens

28  on the court." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 08–cv–01086–AWI–SMS, 2011

1   WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayeaux v. Louisiana Health Serv. and Indem.*

2   *Co.*, 376 F.3d 420, 427 (5th Cir. 2004)).  "Undue delay by itself is insufficient to justify denying

3   leave to amend."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

4          As Plaintiff alleges in its proposed FAC, the '881 Patent was issued on May 12, 2020, (*see*

5   Doc. 45-2 at ¶ 34), and Plaintiff sought leave to amend its complaint to add infringement claims

6   based on the '881 Patent on July 23, 2021 (Doc. 45).  Plaintiff asserts that it has been diligent in

7   investigating Defendant's alleged infringement of the '881 Patent since its issuance (*see* Doc. 45

8   at 5–6, 8–9), with the proposed FAC "cit[ing] to evidence published throughout 2020 and even into

9   the summer of 2021, detailing the continued development and expansion of infringing systems by

10  [Defendant] across tens of thousands of acres" (*see id.* at 6; *see also* Doc. 45-2 at ¶¶ 64, 129).

11  Defendant contends that Plaintiff unduly delayed by waiting fourteen months after the issuance of

12  the '881 Patent to seek amendment, given that Plaintiff "long knew the alleged bases for its

13  infringement claims."  (Doc. 46 at 7.)  Specifically, Defendant claims that the majority of the facts

14  alleged, and articles relied upon by Plaintiff in the proposed FAC were known to Plaintiff well

15  before the date on which Plaintiff filed its motion to amend.  (*Id.* at 7–9.)

16         While recognizing that Plaintiff could not assert infringement of the '881 Patent until after

17  the Patent issued on May 12, 2020, *see AV Media Pte. Ltd. v. Promounts*, No.

18  207CV00059FMCCTX, 2008 WL 11337210, at *4 (C.D. Cal. July 11, 2008) ("It is black letter

19  law that no suit for patent infringement will lie prior to the issuance of a valid patent."), the Court

20  nonetheless finds some merit to Defendant's contention that Plaintiff could have sought leave to

21  amend sooner that it did.  Based on the Court's review of the proposed FAC, other than one article

22  published in June 2021, the vast majority of the publicly available articles and resources relied

23  upon by the proposed FAC to support its allegations of Defendant's infringement of the '881 Patent

24  date from 2014 to December 2020.  (*See* Doc. 45-2 at ¶¶ 63–67, 118–126, 128–29.)  However, as

25  the Court finds no undue prejudice to Defendant or bad faith on Plaintiff's part, any undue delay is

26  an insufficient basis to deny leave to amend.  *United Healthcare Ins. Co.*, 848 F.3d at 1184.

27  ///

28  ///

7

1

### 4. Futility

2      "Leave to amend may be denied if the proposed amendment is futile or would be subject to

3  dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United*

4  *States*, 928 F.2d 829, 843 (9th Cir. 1991)). "[A] proposed amendment is futile only if no set of

5  facts can be proved under the amendment to the pleadings that would constitute a valid and

6  sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

7  "'[P]roposed amendments are futile when they are either duplicative of existing claims or patently

8  frivolous.'" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted) (quoting

9  *Bonin*, 59 F.3d at 846). "However, denial on this ground is rare and courts generally defer

10  consideration of challenges to the merits of a proposed amended pleading until after leave to amend

11  is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043 (citing *Netbula,*

12  *LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

13      Defendant contends that Plaintiff's proposed FAC is futile because the '881 Patent fails the

14  two-step patent-eligibility test as set forth in *Alice Corp. v. CLS Bank*, 573 U.S. 208 (2014), and

15  *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012). (Doc. 46 at 13–14.)

16  Under the *Alice/Mayo* test, a court must first "determine whether the claims at issue are directed to

17  one of those patent-ineligible concepts," such as an abstract idea. *Alice*, 573 U.S. at 217 (citing

18  *Mayo*, 566 U.S. at 77–78). "If so, the court must then ask [w]hat else is there in the claims, which

19  requires consideration of the elements of each claim both individually and as an ordered

20  combination to determine whether the additional elements transform the nature of the claim into a

21  patent-eligible application." *Timeplay, Inc. v. Audience Entm't LLC*, No. CV 15–05202–SJO

22  (JCx), 2015 WL 9695321, at *3 (C.D. Cal. Nov. 10, 2015) (citations and internal quotation marks

23  omitted). "In this second step, the court must search for an inventive concept—i.e., an element or

24  combination of elements that is sufficient to ensure that the patent in practice amounts to

25  significantly more than a patent upon the [ineligible concept] itself." *Id.* (citation and internal

26  quotation marks omitted).

27      Pursuant to statute, "[a] patent shall be presumed valid," 35 U.S.C § 282, and a defendant

28  carries a high burden of establishing that claims are patent-ineligible, *see Boar's Head Corp. v.*

1   *DirectApps, Inc.*, No. 2:14–cv–01927–KJM–KJN, at *3 (E.D. Cal. July 28, 2015).  With that in

2   mind, and considering that courts rarely deny motions to amend on the basis of futility, *see Clarke*,

3   703 F. Supp. 2d at 1043, the Court declines to find that the proposed amendment is futile.  Indeed,

4   the district judge denied Defendant's motion to dismiss the '810 Patent and '834 Patent as patent-

5   ineligible under the *Alice/Mayo* test.  (*See* Doc. 31.)  Accordingly, any challenge to the validity of

6   the '881 Patent can be made via motion to dismiss or petition for *inter pares* review after leave to

7   amend is granted and the proposed FAC is filed.

8        Consequently, the final *Foman* factor, *i.e.*, whether the proposed amendment is futile, also

9   weighs in favor of allowing the amendment.

10       **5.       Judicial Economy**

11        "Rule 15(d) of the Federal Rules of Civil Procedure provides for . . .  supplemental pleading.

12   It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in

13   one action, and to avoid the cost, delay and waste of separate actions which must be separately tried

14   and prosecuted.  So useful they are and of such service in the efficient administration of justice that

15   they ought to be allowed as of course, unless some particular reason for disallowing them appears,

16   though the court has the unquestioned right to impose terms upon their allowance when fairness

17   appears to require them."  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  In deciding whether

18   leave to amend should be granted to allow for the inclusion of additional patents, district courts in

19   this Circuit often consider judicial economy in addition to the *Foman* factors.  *See Space Data*

20   *Corp.*, 2017 WL 3007078, at *4 ("[I]t does not serve judicial economy and ends of justice if [the

21   plaintiff]'s recourse is to file a separate case solely for the purpose of asserting additional patents.");

22   *Robert Bosch LLC*, 2011 WL 13249638, at *3 ("Because the case remains in its initial stages and

23   efficiency favors litigating the patents together, the ADM Defendants will not be prejudiced if the

24   Court grants the motion to add the New Jersey Patents."); *Aten Int'l Co.*, 2010 WL 1462110 at *5

25   ("[A]dding the patents to the current lawsuit would save the Court and the parties costs, time, and

26   effort when compared to another separate lawsuit.  Thus, the interest in judicial economy favors

27   allowing amendment.").

28        The Court finds that judicial economy would be served in this case by permitting

9

1   amendment and adding the '881 Patent to the existing lawsuit.  The '881 Patent is undoubtedly

2   related to the '810 Patent and '834 Patent, as all three patents claim inventions related to a smart

3   irrigation system.  (Doc. 45-2 at ¶¶ 24–36.)  Litigating all three patents together will save the Court

4   and the parties effort, time, and resources.

5          Accordingly, judicial economy weighs in favor of granting leave to amend.

6                        **IV.    CONCLUSION AND ORDER**

7          Given that judicial economy and the *Foman* factors, with the possible exception of the undue

8   delay factor, weigh in favor allowing Plaintiff's proposed amendment, Plaintiff's motion to amend

9   the complaint (Doc. 45) is GRANTED.  Plaintiff shall file its First Amended Complaint, which is

10  attached as Exhibit 1 to its motion to amend (Doc. 45-2), by no later than three days of the date of

11  this order.  Defendant shall respond to the amended complaint within 21 days after its filing.

12         To ensure that both parties have adequate time to prepare their respective cases in view of

13  the amendment, the Scheduling Order is hereby MODIFIED as follows[1]:

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27  [1] Revised dates for the production of Plaintiff's infringement contentions and production of Defendant's invalidity contentions are not being included in the modified case schedule, as it appears that Plaintiff has already provided infringement contentions as to the '881 Patent (*see* Doc. 45 at 1), and in its reply brief, Plaintiff states that it is willing

28  to forgo invalidity contentions from Defendant as to the '881 Patent (*see* Doc. 47 at 2).  Should the parties wish to modify any of the revised dates, they may do so by submitting a stipulation for court approval.

| Event | New Deadline |
|---|---|
| Exchange of Proposed Terms for Construction | March 22, 2022 |
| Exchange of Preliminary Claim Constructions | April 5, 2022 |
| Joint Claim Construction and Prehearing Statement | April 12, 2022 |
| Completion of Claim Construction Discovery | April 26, 2022 |
| Plaintiff's Opening Claim Construction Brief Filing Deadline | May 11, 2022 |
| Defendant's Responsive Claim Construction Brief Filing Deadline | May 25, 2022 |
| Plaintiff's Reply Claim Construction Brief Filing Deadline | June 3, 2022 |
| Defendant's Sur-Reply Claim Construction Brief Filing Deadline | June 14, 2022 |
| Claim Construction Hearing | July 7, 2022 at 8:30 a.m. |
| Non-Expert Discovery | March 6, 2023 |
| Expert Disclosures | April 17, 2023 |
| Rebuttal Expert Disclosures | May 30, 2023 |
| Expert Discovery | July 12, 2023 |
| Non-Dispositive Motion Filing Deadline | July 26, 2023 |
| Deadline to Hear Non-Dispositive Motions | August 23, 2023 |
| Dispositive Motion Filing Deadline | August 9, 2023 |
| Deadline to Provide Proposed Settlement Conference Dates | January 4, 2023 |
| Pre-Trial Conference | November 29, 2023 at 8:15 a.m. |

IT IS SO ORDERED.

Dated:   **October 19, 2021**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE