1  DARRYL M. WOO (SBN 100513)
   *DWoo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   Three Embarcadero Center, Suite 2800
3  San Francisco, California  94111
   Tel.: +1 415 733 6000
4  Fax: +1 415 677 9041

5  SANJEET K. DUTTA (SBN 203463)
   *SDutta@goodwinlaw.com*
6  ELIZABETH J. LOW (SBN 308098)
   *ELow@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   601 Marshall Street
8  Redwood City, California 94063
   Tel.: +1 650 752 3100
9  Fax: +1 650 853 1038

10 JENNY J. ZHANG (SBN 344085)
   *JZhang@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
   1900 N Street, N.W.
12 Washington, DC 20036-1612
   Tel.: +1 202 346-4000
13 Fax: +1 202 346-4444

14 Attorneys for Defendant
   E. & J. Gallo Winery
15

   TIMOTHY J. BUCHANAN (SBN 100409)
   *tbuchanan@mccormickbarstow.com*
   SHANE G. SMITH (SBN 272630)
   *ssmith@mccormickbarstow.com*
   **MCCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP**
   7647 North Fresno Street
   Fresno, CA 93720
   Tel.: +1 559 433 1300
   Fax: +1 559 433 2300

16                    UNITED STATES DISTRICT COURT

17                   EASTERN DISTRICT OF CALIFORNIA

18                          FRESNO DIVISION

19

20 VINEYARD INVESTIGATIONS,                Case No. 19-cv-1482-JLT-SKO

21            Plaintiff,                   **DEFENDANT E. & J. GALLO
                                           WINERY'S OPPOSITION TO
22       v.                                PLAINTIFF VINEYARD
                                           INVESTIGATIONS' MOTION FOR
23 E. & J. GALLO WINERY,                   LEAVE TO FILE SUPPLEMENTAL
                                           BRIEF**
24            Defendant.
                                           Judge:      Hon. Jennifer L. Thurston
25                                         Courtroom: 4

26

27

28

1   **I.    INTRODUCTION**

2        Plaintiff Vineyard Investigations' ("VI") request to file a supplemental brief is a belated

3   attempt to try to fix its arguments under the guise of responding to "new matter" in a sur-reply, and

4   an attempt to circumvent the Court's page limits.  Dkt. No. 79 ("Mot.").  Supplemental briefing is

5   not warranted here, for at least three reasons.

6        First, Gallo's Sur-Reply Claim Construction Brief did not raise any new arguments.  *See*

7   Dkt. No. 77 ("Sur-Reply").  VI is only able to cast them as "new" by mischaracterizing the

8   Supplemental Declaration of Richard G. Allen, Ph.D. (Dkt. No. 77-1, "Suppl. Allen Decl.").

9        Second, VI's proposed supplemental brief (Dkt. No. 79-1) does not "directly respond" to

10  the points VI alleges are "new."  In fact, VI responds to points Gallo already made in Gallo's

11  Responsive Claim Construction Brief and in the Declaration of Richard G. Allen, Ph.D. Regarding

12  Claim Construction (Dkt. No. 74, "Allen Decl.").

13       Finally, VI's supplemental brief proposes a new, and legally infirm construction for

14  "potential data," and suggests for the first time that the Court should construe the term as limited

15  to a single category of data that "includes potential evapotranspiration data."  In so doing, VI

16  ignores the conflicting usages and disclosures in the art and intrinsic evidence, as evidenced in VI's

17  own prior proposed construction.  The appropriate inquiry is about the proper scope of the claim

18  term, not whether one could find a category that fits within a term.  VI is inappropriately trying to

19  re-write the term to save it from invalidity.

20       The Court should deny VI's motion.  In the event that VI's supplemental brief is permitted,

21  the Court should also grant Gallo leave to file its discrete 2-page proposed response to VI's new

22  constructions, attached as Exhibit A to the Declaration of Darryl M. Woo ("Woo Decl.").

23  **II.    BACKGROUND**

24       **A.    The Parties Apply the Northern District's Patent Local Rules.**

25       Early in this litigation, the parties agreed to abide by the Northern District of California's

26  Patent Local Rules ("PLR") regarding claim construction exchanges and briefing.  *See* Dkt. No. 38

27  at 7-8 (adopting the PLR "for the form and content of the exchanges, statements, and briefs . . .")

28  (footnote omitted).  The parties' proposed schedule under the PLR – which the Court adopted (Dkt.

No. 41) – included deadlines to file a joint claim construction and prehearing statement ("JCCPS") and expert reports pursuant to PLR 4-3. Dkt. No. 38 at 8. It also included deadlines for VI to file opening and reply claim construction briefs, and for Gallo to file responsive and sur-reply claim construction briefs. *Id.* In two later stipulations extending the claim construction briefing schedule, VI confirmed its agreement that each party would have two briefs, and Gallo would have the final word. Dkt. Nos. 67, 71.

**B.    Gallo Informs VI that It Will Submit Expert Testimony.**

Prior to briefing, on April 18, 2022, counsel for Gallo informed VI that "Gallo currently expects to offer expert testimony concerning a subset of the disputed claim terms." Woo Decl., Ex. B at 5. The terms included "potential data" and "coupled to." *Id.* at 3. Consistent with the scheduling order (Dkt. No. 51 at 11) and subsequent stipulations (Dkt. Nos. 65, 67), Gallo on April 25, 2022 served VI with its Expert Report of Richard G. Allen Regarding Claim Construction ("Allen Report").[1] Woo Decl., Ex. C. As Gallo had previewed to VI, Dr. Allen opined on "potential data" and "coupled." *Id.* ¶¶ 25-86.

Gallo offered the deposition of Dr. Allen but on April 28, 2022, VI declined, responding that, "[a]fter reviewing the declaration you served for Dr. Allen, we have determined that a deposition would not be productive." Woo Decl., Ex. B at 1, 3, 5.

**C.    Gallo's Supporting Expert Declarations and Exhibits.**

On May 11, 2022, VI filed its Opening Claim Construction Brief. Dkt. No. 70 ("Opening Br."). Gallo, along with its Responsive Claim Construction Brief (Dkt. No. 73), attached the Allen Declaration, which was substantially the same as the Allen Report and also included responses to new arguments that VI made in its Opening Brief concerning the "potential data" and "coupled to" terms.

VI's Reply Claim Construction Brief next raised arguments critiquing the Allen Declaration. *See, e.g.*, Dkt. No. 76 ("Reply") at 2-3. To address these critiques, Gallo attached to

---

[1] On September 10, 2021, and in accordance with paragraph 7.4 of the protective order (Dkt. No. 43), Gallo provided written notice to VI that Gallo had retained Dr. Allen as an expert in this action. Woo Decl., Ex. D. VI did not object to Dr. Allen's retention or request additional information about him. *Id.* ¶ 5; *see* Dkt. No. 43 ¶ 7.4(c) (setting forth procedures for objecting to disclosed experts).

GALLO'S OPPOSITION TO VI'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
CASE NO. 19-CV-1482

1    its Sur-Reply the Supplemental Allen Declaration, which identified the reply arguments to which

2    Dr. Allen was responding.  *See, e.g.*, *id.* ¶¶ 3, 9-10.  Dr. Allen backed his response with two exhibits.

3    One was a demonstrative that merely visualized what Dr. Allen had said all along regarding VI's

4    proposed construction of the term "potential data."  *Id.* ¶ 5 & Ex. P.  The other was an article written

5    by John Sadler et al., titled "Venturing into Precision Agriculture" and published in the May/June

6    2000 issue of Irrigation Journal.  *Id.* ¶ 11 & Ex. Q.  Dr. Allen submitted this article in response to

7    VI's criticism of lack of support for his opinion that "a POSA in 2000 would have understood by

8    default that an irrigation control system 'coupled to' sensors or emitters in the field would have a

9    physical wired connection between the control system and the sensors or emitters."  *Id.* ¶ 10; Reply

10   at 8.  As Dr. Allen made clear, the article was merely illustrative of his prior opinions about usage

11   and understanding in the prior art.  Suppl. Allen Decl. ¶ 11.

12        Gallo also submitted U.S. Patent No. 4,819,875 with its Sur-Reply.  Dkt. No. 77-5.  As

13   Gallo explained, this was directly in response to VI's argument that "a construction excluding that

14   configuration would contradict a statement by the patentee during prosecution that 'an emitter or

15   sensor can be grouped with more than one plant.'"  Sur-Reply at 6 (quoting Reply at 7).

16        **D.    The Parties' Meet and Confer Efforts**

17        On June 21, 2022, counsel for VI emailed Gallo's counsel, contending that "Gallo's sur-

18   reply brief is improper" and stating that VI intended to file a supplemental brief.  Woo Decl., Ex. E

19   at 9.  Counsel for Gallo disagreed with VI's position and, in the course of meet and confer, the

20   parties agreed that VI would send a draft brief early the following week, and Gallo would notify

21   VI if Gallo opposed the submission.  *See id.* at 5-6.

22        Gallo's review of the draft brief showed that VI had misstated the record and also proposed

23   a new construction for the term "potential data": "the potential data includes potential

24   evapotranspiration data."  *See* Suppl. Br. at 1.  Gallo thus proposed two courses of action "in lieu

25   of contested motion practice over whether VI can file its supplemental brief."  Woo Decl., Ex. E at

26   1-2.  First, Gallo offered to send VI a short response to VI's supplemental brief.  *Id.*  If VI consented

27   to Gallo filing its response alongside VI's brief as part of a joint motion for leave, Gallo would not

28   oppose VI's request.  *Id.*  Alternatively, Gallo stated that it would not oppose the filing if VI

3

1    removed or revised specific portions of VI's draft brief.  *Id.* at 2.  VI declined both proposals.  *Id.*
2    at 1.

3    **III.    ARGUMENT**

4         **A.    VI's Supplemental Briefing Is Not Warranted.**

5         VI fails to identify any appropriate basis for filing a supplemental brief.  Gallo complied
6    with the rules and claim construction scheduling order.  Gallo provided VI with advance notice that
7    Gallo intended to rely on expert testimony in support of its proposed constructions, as well as the
8    specific constructions that Dr. Allen would address.    Gallo then served the Allen Report
9    concurrently with the filing of the JCCPS, and made Dr. Allen available for deposition.

10        There is no requirement that expert testimony on claim construction repeat verbatim the
11   language in a previously-disclosed expert report.  *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, No.
12   C 10-01002 JW, 2011 WL 7295479 (N.D. Cal. Apr. 7, 2011), is instructive.  That court denied the
13   defendant's motion to strike expert testimony submitted with the plaintiff's opening claim
14   construction brief, noting that the "[d]efendant chose not to conduct a deposition or any other
15   discovery concerning the testimony of [p]laintiff's expert pursuant to Patent L.R. 4–4."  *Id.* at *3;
16   *see id.* at *3 n.5 ("The Court rejects [d]efendant's contention that any deposition of Plaintiff's
17   expert would have been meaningless and time consuming.") (cleaned up).  Also, "none of the
18   statements identified by [d]efendant as prejudicial are outside of the scope of [p]laintiff's disclosure
19   in the Joint Statement, namely that its expert would offer testimony concerning what the terms of
20   the . . . Patent mean to one of ordinary skill in the art."  *Id.*

21        Such is the case here.  Gallo disclosed the substance of Dr. Allen's testimony by serving VI
22   with the Allen Report when the JCCPS was filed on April 25, 2022.  The substance of the
23   Supplemental Allen Declaration was disclosed and supported in the opening Allen Declaration, or
24   addressed arguments that VI made in VI's Reply.  VI takes issue with paragraph 4 of the
25   Supplemental Allen Declaration, where Dr. Allen testified that "potential" is indefinite because it
26   carries multiple meanings.  Suppl. Br. at 1 (citing Suppl. Allen Decl. ¶ 4).  But paragraph 29 of the
27   Allen Declaration clearly raised this point, and VI had opportunity to address this statement in its
28   Reply.  It did not, and cannot seek to remedy its omission in an improper supplemental brief.

**B.     VI's New Construction Is Improper.**

VI should not be permitted to raise a new construction for "potential data" in a belated supplemental brief, based on misstatements of the record. *See* Woo Decl., Ex. A (Gallo's Proposed Response); *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07–01316–JVS (RNBx), 2010 WL 11470342, at *4 (C.D. Cal. Jan. 12, 2010) ("Defendants did not advance this construction in the Joint Statement and did not notify Plaintiffs of the new construction. . . . This is reason enough to reject this extra language.") (citation omitted).  Indeed, the Northern District generally disfavors proposing new constructions for the first time on reply or other briefs to which the other party does not have an opportunity to respond. *See* Hon. Jeffrey S. White's Standing Order for Patent Cases ¶ 5 ("[T]he Court discourages the parties from proposing new constructions for the first time in reply briefs or other filings that do not afford the opposing party an opportunity to respond.")[2]; Standing Order for Claim Construction in Patent Cases before Judge James Donato ¶ 5 ("[T]he parties may not propose new constructions for the first time in reply briefs or other filings that do not afford the opposing party an opportunity to respond.").[3]

VI's Supplemental Brief submits a new construction, proposing that "potential data" be construed merely as data "includ[ing] potential evapotranspiration data," instead of its prior construction—"data relating to the predicted, expected, or typical growth, transpiration or evaporation, such as growth models, potential evapotranspiration, leaf water potential, or crop coefficients." Opening Br. at 14.  This is materially different and legally infirm for the reasons set out in Gallo's attached proposed response.  Woo Decl., Ex. A.  Should the Court permit VI to submit its proposed Supplemental Brief, Gallo should be permitted to file its proposed response.

**IV.     CONCLUSION**

For the foregoing reasons, the Court should deny VI's motion for leave, or should leave be granted, Gallo should likewise be granted leave to file its proposed response, attached as Exhibit A to the Woo Declaration.

---

[2] Available at https://www.cand.uscourts.gov/wp-content/uploads/judges/white-jsw/JSW-Patent-Standing-Order.pdf.
[3] Available at https://www.cand.uscourts.gov/wp-content/uploads/judges/donato-jd/JD_Standing-Order-for-Claim-Construction-in-Patent-Cases.pdf

1    Dated: July 18, 2022                      GOODWIN PROCTER LLP

2                                              MCCORMICK, BARSTOW, SHEPPARD,
                                               WAYTE & CARRUTH LLP
3

4

5                                              By:/s/ Darryl M. Woo
                                                   Darryl M. Woo
6                                                  Sanjeet K. Dutta
                                                   Jenny J. Zhang
                                                   Elizabeth J. Low
7
                                                   Timothy J. Buchanan
8                                                  Shane G. Smith

9                                                  *Attorneys for Defendant*
                                                   *E. & J. Gallo Winery*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6