# EXHIBIT A

1  DARRYL M. WOO (SBN 100513)          TIMOTHY J. BUCHANAN (SBN 100409)
   *DWoo@goodwinlaw.com*                *tbuchanan@mccormickbarstow.com*
2  **GOODWIN PROCTER LLP**             SHANE G. SMITH (SBN 272630)
   Three Embarcadero Center, Suite 2800 *ssmith@mccormickbarstow.com*
3  San Francisco, California  94111    **MCCORMICK, BARSTOW, SHEPPARD,**
   Tel.: +1 415 733 6000               **WAYTE & CARRUTH LLP**
4  Fax: +1 415 677 9041                7647 North Fresno Street
                                       Fresno, CA 93720
5  SANJEET K. DUTTA (SBN 203463)       Tel.: +1 559 433 1300
   *SDutta@goodwinlaw.com*             Fax: +1 559 433 2300
6  ELIZABETH J. LOW (SBN 308098)
   *ELow@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   601 Marshall Street
8  Redwood City, California 94063
   Tel.: +1 650 752 3100
9  Fax: +1 650 853 1038

10 JENNY J. ZHANG (SBN 344085)
   *JZhang@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
   1900 N Street, N.W.
12 Washington, DC 20036-1612
   Tel.: +1 202 346-4000
13 Fax: +1 202 346-4444

14 Attorneys for Defendant
   E. & J. Gallo Winery
15

16                  UNITED STATES DISTRICT COURT

17                  EASTERN DISTRICT OF CALIFORNIA

18                        FRESNO DIVISION

19

20  VINEYARD INVESTIGATIONS,            Case No. 19-cv-1482-JLT-SKO

21            Plaintiff,                **DEFENDANT E. & J. GALLO'S
                                        [PROPOSED] RESPONSE TO
22       v.                             PLAINTIFF VINEYARD
                                        INVESTIGATIONS' SUPPLEMENTAL
23  E. & J. GALLO WINERY,               BRIEF**

24            Defendant.                Judge:     Hon. Jennifer L. Thurston
                                        Courtroom: 4
25

26

27

28

Defendant E.J. Gallo respectfully submits this response to new points raised in Section I of VI's proposed supplemental brief on claim construction. Dkt. No. 79-1 ("Suppl. Br.").

**1.** Neither Gallo nor Rick Allen, Ph.D. admitted that "'potential evapotranspiration' data" was a recognized category of data with defined boundaries in the prior art, as VI suggests. *Id.* at 1. Nor, as VI asserts, did Dr. Allen change his opinion on the meaning of "potential evapotranspiration." *Id.* at 1 n.1. In both his Opening and Supplemental Declarations, Dr. Allen's opinion is that persons of ordinary skill in the art ("POSAs") used "potential evapotranspiration" in inconsistent ways to refer to different estimations of evapotranspiration calculated from different inputs and formulas, and a POSA could not confidently identify the boundaries of "potential evapotranspiration *data*," without further definition of what data are included and excluded. Dkt. No. 74 ("Allen Decl.") ¶¶ 28-32; Dkt. No. 77-1 ("Suppl. Allen Decl.") ¶ 4.

**2.** Dr. Allen's demonstrative Exhibit P does not, as VI states, place "potential evapotranspiration" within "all the overlapping colors and circles diagrammed…." Suppl. Br. at 1. Critically, "potential evapotranspiration" falls outside the circle representing the usage of "potential" to mean an energy state of water, as in the term "leaf water potential." Suppl. Allen Decl. ¶ 6 & Ex. P. As Dr. Allen emphasized in both his Declarations, these conflicting uses render "potential data" indefinite. Allen Decl. ¶¶ 28-33; Suppl. Allen Decl. ¶¶ 4-8.

**3.** Regardless of whether "potential evapotranspiration data" was a defined term in the prior art, there is no evidentiary or legal basis for the Court to adopt VI's new proposal that "potential data" be construed only as a category of data that "includes potential evapotranspiration data" without addressing the full scope of "potential data." *See* Suppl. Br. at 1.

a. A construction that "potential data includes potential evapotranspiration data" would not resolve the indefiniteness of "potential data." Under the doctrine of claim differentiation and the rule against superfluity, the language in dependent claim 29 makes clear that the scope of "potential data" differs from the scope of "potential evapotranspiration data." *See Wi-LAN USA, Inc. v. Apple Inc.*, 830 F.3d 1374, 1391 (Fed. Cir. 2016) (applying presumption against "construction that would cause two differently worded claims to cover exactly the same claim scope . . . rendering] one of the claims superfluous"); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-

1

1    CV-01846-LHK, 2012 WL 1123752, at *9 (N.D. Cal. Apr. 4, 2012) (recognizing presumption that

2    "dependent claims are narrower than the independent claims from which they depend").  A POSA

3    could not confidently discern what categories of data outside of "potential evapotranspiration data"

4    are included in "potential data," and vice versa.  Allen Decl. ¶¶ 28-33; Suppl. Allen Decl. ¶ 4.

5          b.   The cases cited by VI do not address the indefiniteness scenario here, in which the

6    claim term at issue can mean multiple conflicting things, and the specification contains examples

7    of conflicting meanings, with no clear guidance on which stated meaning(s) are meant to be

8    included, and which stated meaning(s) not included, in the scope of the claim.  Supp. Br. at 1.

9    Rather, the cited cases concern "terms of degree" for which the court relied on examples in the

10   specification to help draw objective limits on claim language that was subjective in isolation.[1]

11   These cases support Gallo's alternative construction for the "proximity" terms, which are terms of

12   degree, but not a construction of "potential data" that adopts one example from the specification

13   while ignoring conflicting usages of "potential" in the specification and prior art.

14       **4.**   Dr. Allen's 1998 FAO Irrigation and Drainage Paper No. 56 does not, as VI asserts, use

15   the term "potential []evapotranspiration" in the same way described in the patents.  Supp. Br. 9-

16   17.  This is clear even on the face of the excerpted language in VI's brief.  The patent uses "***potential***

17   ***ET***" to refer to $ET_0$, a value that ***is then multiplied by*** a crop coefficient "$k_c$" to obtain an "estimated

18   vineyard evapotranspiration ($ET_c$)."  '881 patent, 9:5-14.  This leaves unclear whether either

19   "potential data" or "potential evapotranspiration data" would include the crop coefficients.   In

20   contrast, Dr. Allen's FAO paper uses "***potential . . . crop evapotranspiration***" to refer to the $ET_c$,

21   *i.e.*, ***the product of*** $ET_0$ and $K_c$ "($K_c ET_0$)."  This is one example of the inconsistent usage of

22   "potential evapotranspiration" in the art, as described by Dr. Allen (Allen Decl. ¶¶ 28-32; Suppl.

23   Allen Decl. ¶ 4), that would preclude a POSA from confidently discerning the scope and bounds of

24   both "potential evapotranspiration data" and "potential data."

25

26   [1] *Guangdong Alison Hi-Tech Co. v. Intl. Trade Comm'n*, 936 F.3d 1353, 1362 (Fed. Cir. 2019) (discerning "points of comparison" for the term "lofty batting"); *CFL Techs. LLC v. Osram*

27   *Sylvania, Inc.*, CV 18-1445-RGA, 2022 WL 606329, at *14 (D. Del. Jan. 21, 2022) (using examples to discern objective boundaries for the term "distinctly shorter"); *cf. Interval Licensing LLC v. AOL,*

28   *Inc.*, 766 F.3d 1364, 1374 (Fed. Cir. 2014) (declining to discern boundaries of claim term from a "lone example" that leaves a POSA "to wonder what other forms" are included).

2

1    Dated: July 18, 2022                 GOODWIN PROCTER LLP

2                                     MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

3

4

5                             By:*/s/ Darryl M. Woo*
                                  Darryl M. Woo

6                                   Sanjeet K. Dutta
                                  Jenny J. Zhang
                                  Elizabeth J. Low

7

8                                   Timothy J. Buchanan
                                  Shane G. Smith

9                                   *Attorneys for Defendant*
                                  *E. & J. Gallo Winery*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28