# EXHIBIT B

| | |
|---|---|
| **From:** | Corey Johanningmeier |
| **To:** | Zhang, Jenny; Brenda Entzminger; Low, Elizabeth J. |
| **Cc:** | BDIP_Vineyard; DG-E&J Gallo-Vineyard Invest; Woo, Darryl M; Dutta, Sanjeet K |
| **Subject:** | RE: VI v. Gallo - Vineyard"s Disclosure of Preliminary Claim Constructions |
| **Date:** | Thursday, April 28, 2022 4:53:11 PM |
| **Attachments:** | image001.png |

**\*\*\*EXTERNAL\*\*\***

Jenny,

  After reviewing the declaration you served for Dr. Allen, we have determined that a deposition would not be productive.  We reserve all rights to cross examine Dr. Allen at the hearing should you decide to present live testimony from him.

  Further, we object to the declaration, including under FRE 703 -- on the grounds that the purported opinions are entirely made up of conclusory legal argument and do not present any factual scientific basis for the conclusions expressed.  In particular with respect to the second and third terms containing "coupled," the declaration is nothing more than briefing signed by an expert, and as we will argue, is singularly unhelpful to a factfinder.

  Finally, with respect to the "potential data" term, the declaration refers to a "Google Scholar" search, and includes at least one Materials Considered item that has not been disclosed.  Vineyard Investigations reserves the right to rely on scholarly articles, whether mentioned by Dr. Allen, included in his CV, or otherwise, in rebuttal to these opinions in briefing and/or cross-examination.  In particular, and to provide as much notice as possible, we will be producing shortly a selection of such materials, which we would have included in the JCCS had we had timely notice of the substance of Dr. Allen's opinions.

  Best regards,

-- Corey

---

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Wednesday, April 27, 2022 8:26 AM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

**[EXTERNAL]**

Corey,

Please let us know today if you will be deposing Dr. Allen regarding his claim construction report

and, if so, whether the deposition will take place on May 3 or May 5.

Regards,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f   +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com


---

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Tuesday, April 19, 2022 1:44 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***
Jenny,

  Attached please find a draft of a JCCS pleading, based on the last one.  Please update the highlighted areas with Gallo's positions as appropriate.

  To repeat a clarification that I believe I may have expressed last round, "plain and ordinary meaning" isn't a construction.  As you know, under *Phillips v. AWH*, all terms in a patent are read from the default prospective of the plain meaning to a POSITA, whether or not one party asserts special interpretation by the Court is required.  We agree with Gallo's position, taken before the Patent Office in its numerous duplicative petitions, that these terms do not require construction.  We acknowledge of course that Gallo has a different approach for *Markman* purposes.

  If your expert is truly unavailable prior to May 3, we will accommodate.  Please hold both dates for now while we confirm scheduling here, and yes please do assume any deposition will be remote.

-- Corey

---

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Tuesday, April 19, 2022 8:29 AM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

[EXTERNAL]

Hi Corey,

We are available to confer at 3 PM Pacific on Wednesday. We'll forward an invite and Zoom link.

We disagree that anything in L.R. 4-2 precludes the disclosure of alternative positions, especially when VI has yet to articulate the boundaries of the "plain and ordinary meaning" constructions that it's proposing. Similarly, we disagree that any differences in the wording of Gallo's proposed constructions since October reflect material differences in positions rather than ongoing efforts to refine and clarify the actual disputes between the parties.

As for expert testimony, we have summarized the proposed the contents of any expert opinions in the body of our 4-2 disclosure and the evidence listed in Exhibit A, and unlike last time, we expect to serve an expert report under L.R. 4-3 that will disclose the substance of the expert opinions in detail. While we don't believe any other disclosure is needed at the moment, we can tell you that as of right now, and subject to the parties' discussions on Wednesday, we intend to offer expert opinions on the following terms:

- "potential data"
- "coupled to" terms
- "associat[]" terms
- "fixed proximity" terms

We note that the compressed time frame here is the result of the extensions to the JCCS that you requested and to which we agreed in order to accommodate your trial schedule. Please be prepared to let us know on Wednesday which day, if either, of those we offered, you would like us to hold open for a deposition of our expert.

Regards,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW

Washington, DC 20036
o  +1 202 346 4075
f  +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com

---

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Monday, April 18, 2022 7:00 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***
Hi Jenny,

   It looks like we could be available at 9am, or (preferably) after 3pm pacific on Wednesday.  We will circulate a draft of the second JCCS sometime tomorrow most likely but certainly before the call.

   As I believe Brenda mentioned, we continue to object to the inclusion of "alternative" narrowing constructions for terms you contend are indefinite.  Those are not compatible positions, and the disclosure requirements of Rule 4-2 are violated when defendants seek to hold open multiple positional options in this way.  We also object to the numerous changes to your proposed constructions vs. the proposals made, conferred about, and submitted in the prior JCCS at Docket No. 50.  The claim terms have not changed meaning in the interim.  We reserve the right to cite to positions Gallo took with the Court in that filing.

   Please identify the "subset of the disputed claim terms" for which you intend to provide expert testimony, as required by Rule 4-2.  Simply stating the possibility that Gallo might use an expert for 27 different terms fails to meet the disclosure requirements here.  I believe we argued about this last time, and Gallo ultimately opted not to provide an expert at all.  We can discuss scheduling when we have more information, but we cannot agree to a deposition mere days before our opening brief is due without any information about what, if any, terms will be subject to expert declaration.

 Regards,

-- Corey

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Monday, April 18, 2022 8:20 AM
**To:** Brenda Entzminger <bentzminger@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; BDIP_Vineyard

4

<BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

[EXTERNAL]

Corey and Brenda,

Since the deadline for the Joint Statement is now April 25, please let us know your availability this Tuesday or Wednesday to meet and confer, and confirm that VI will circulate a draft of its portions of the Statement before the meeting.

Additionally, subject to the parties' discussions this week, Gallo currently expects to offer expert testimony concerning a subset of the disputed claim terms.  Given the short time frame between the deadline for disclosure of any expert report and the opening claim construction brief, and a number of competing obligations for our case team and expert, we are proposing the following dates for a deposition of Gallo's expert witness, should VI wish to take one:
- Tuesday, May 3, 2022
- Thursday, May 5, 2022

Please let us know by this Wednesday which, if either, of these days we should hold open for a deposition.  Please also let us know whether VI would agree to holding the deposition remotely.

Regards,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f  +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com


**From:** Brenda Entzminger <bentzminger@bdiplaw.com>
**Sent:** Friday, April 15, 2022 6:51 PM
**To:** Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** Zhang, Jenny <JZhang@goodwinlaw.com>; Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M

5

<DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** Re: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***
Thank you Beth. Please file.

Have a good weekend,
Brenda

> On Apr 15, 2022, at 3:48 PM, Low, Elizabeth J. <ELow@goodwinlaw.com> wrote:
>
> [EXTERNAL]
>
> Hi Brenda,
>
> We're fine with that edit. I've attached a revised version of the stipulation; the proposed order did not change.
>
> Please let us know if you have any further proposed revisions, or if we can sign and file.
>
> Thanks,
> Beth
>
> **Elizabeth J. Low**
> Associate
>
> Goodwin Procter LLP
> 601 Marshall Street
> Redwood City, CA 94063
> o  +1 650 752 3166
> f   +1 650 471 6075
> ELow@goodwinlaw.com | goodwinlaw.com

**From:** Brenda Entzminger <bentzminger@bdiplaw.com>
**Sent:** Friday, April 15, 2022 3:16 PM
**To:** Low, Elizabeth J. <ELow@goodwinlaw.com>
**Cc:** Zhang, Jenny <JZhang@goodwinlaw.com>; Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Subject:** Re: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***

Thank you for preparing this, Beth. We would propose, rather than detail around the meet and

confer or whether a JCCS draft was shared, simply stating:
"on April 14 the parties conferred about the ongoing trial, which completed on that day, the upcoming holiday, and the need for a brief additional extension so that Vineyard Investigations could participate fully in conferring about the statement."

On Apr 15, 2022, at 11:11 AM, Low, Elizabeth J. <ELow@goodwinlaw.com> wrote:

> [EXTERNAL]
>
> Thank you, Brenda. We would agree to extend the deadline to file the joint claim construction and prehearing statement and the exchange of expert reports to April 25, provided that the briefing schedule and claim construction hearing set by the Court remain the same.
> If you agree, I've attached a stipulation and proposed order for your consideration. Please let us know if we have permission to sign and file on your (or Corey's) behalf. In light of Monday's filing deadline, we'd like to file this today.
>
> Thanks,
> Beth
>
> **Elizabeth J. Low**
> Associate
>
>
> Goodwin Procter LLP
> 601 Marshall Street
> Redwood City, CA 94063
> o  +1 650 752 3166
> f   +1 650 471 6075
> ELow@goodwinlaw.com | goodwinlaw.com

**From:** Brenda Entzminger <bentzminger@bdiplaw.com>
**Sent:** Thursday, April 14, 2022 7:46 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Cc:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>
**Subject:** Re: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***
Hi Jenny,

Thank you for your email. In light of the fact that our trial has proceeded longer than expected (since our last stipulation), I do not see how we will have time to meet and confer to narrow the issues in advance of Monday's deadline.

I recommend seeking a one week extension from the Court, to April 25, if that is amenable to Gallo.

Thank you,
Brenda Entzminger

> On Apr 14, 2022, at 4:57 PM, Zhang, Jenny <JZhang@goodwinlaw.com> wrote:
>
> [EXTERNAL]
>
> Corey and Brenda,
>
> As you know, the Joint Claim Construction and Prehearing Statement is currently due to be filed this coming Monday, April 18, 2022.  We foresee a number of revisions that will need to be made to the body of the statement from the prior version filed in October, but we have not yet received VI's draft of that statement or the appendix chart.  Please let us know when you will be providing Plaintiff's draft statement.  Additionally, please let us know when you are available to meet and confer regarding potential narrowing of the claim terms in dispute, including the ways in which VI believes Gallo's proposed constructions differ from the "plain and ordinary meaning" listed by VI for most of the terms, and the discernible boundaries VI sees for the claim terms that Gallo has asserted are indefinite.   We should also attempt to come to agreement on the claim terms to identify this round for Section III of the pre-trial order.
>
> In light of the holiday weekend, and the Court's admonition against post-deadline requests for extensions, please let us know by 10 AM Pacific tomorrow if you will not be available to confer before the deadline on Monday and foresee the parties needing additional time to submit the joint statement.
>
> Regards,
>
> Jenny
>
> **Jenny J. Zhang**
>
> Goodwin Procter LLP
> 1900 N Street, NW
> Washington, DC 20036
> o  +1 202 346 4075
> f   +1 646 558 4098
> JZhang@goodwinlaw.com | goodwinlaw.com

**From:** Brenda Entzminger <bentzminger@bdiplaw.com>
**Sent:** Monday, April 11, 2022 4:01 PM
**To:** Low, Elizabeth J. <ELow@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Coad, Myomi <MCoad@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Subject:** RE: VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

***EXTERNAL***
Counsel,

Attached please find Vineyard Investigations' Disclosure of Preliminary Claim Constructions and Extrinsic Evidence.

We reordered the terms to speed along the process for the preparation and submission of the JCCS.

Please note that Vineyard Investigations disagrees with and objects to any term which Gallo has identified as indefinite. We also object to Gallo's reservation of right to offer constructions as "backup" to Gallo's indefiniteness assertions.

Regards,

Brenda

**Brenda Entzminger**
*Senior Associate*
**Bunsow De Mory LLP**
701 El Camino Real, Redwood City, CA 94063
1-650-351-7242
bentzminger@bdiplaw.com  |  www.bdiplaw.com


**From:** Jessika Sprague <jsprague@bdiplaw.com>
**Sent:** Tuesday, April 5, 2022 6:02 PM
**To:** Low, Elizabeth J. <ELow@goodwinlaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>; Coad, Myomi <MCoad@goodwinlaw.com>; Dutta, Sanjeet K <SDutta@goodwinlaw.com>
**Cc:** BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Subject:** VI v. Gallo - Vineyard's Disclosure of Preliminary Claim Constructions

Counsel,

Attached please find Vineyard's Disclosure of Preliminary Claim Constructions and Extrinsic Evidence.

Document production can be found here: https://bdiplaw.sharefile.com/d-s4fadace9a35043b78e5b161f87d424a7

Best,

> **Jessika Sprague**
> *Practice Manager*
> **Bunsow De Mory LLP**
> +1-415-426-4738  o  |  +1-415-426-4744  f
> 701 El Camino Real, Redwood City, CA 94063
> www.bdiplaw.com  |  jsprague@bdiplaw.com

****************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
****************************************************************