# EXHIBIT E

| | |
|---|---|
| **From:** | Corey Johanningmeier |
| **To:** | Zhang, Jenny; Woo, Darryl M |
| **Cc:** | Low, Elizabeth J.; Brenda Entzminger; Denise De Mory; BDIP_Vineyard; DG-E&J Gallo-Vineyard Invest |
| **Subject:** | RE: VI v. Gallo - Markman Hearing |
| **Date:** | Wednesday, July 6, 2022 10:59:49 PM |
| **Attachments:** | image001.png |

***EXTERNAL***
Jenny,

   There is no scenario in which we would agree Gallo could file a sur-sur-sur-reply brief in order to get the last word on matters you improperly raised for the first time in sur-reply.  There is also no scenario in which we would agree to edit our entirely appropriate response "to [y]our satisfaction" to avoid a threat to oppose a motion for leave.  It would appear that my skepticism about whether Gallo would return a reasonable proposal has been validated.  We will indicate that the motion for leave is opposed.

   Regards,

-- Corey

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Tuesday, July 5, 2022 3:55 PM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Woo, Darryl M <DWoo@goodwinlaw.com>
**Cc:** Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

**[EXTERNAL]**

Corey,

Thank you for your late Friday message wishing our team an enjoyable holiday, and that we might let you know our client's position this week.  We hope you enjoyed the holiday as well.

Here's what Gallo is willing to propose in lieu of contested motion practice over whether VI can file its supplemental brief:

1. By Noon PT Thursday, July 7, Gallo will send VI a very short response (~1 page) to VI's brief responding to VI's mischaracterizations of the Allen Declaration and explaining why the Court should not adopt VI's suggestion that the court simply construe "potential data" as something that solely "includes potential evapotranspiration data."  In the meantime we enclose a mark-up of your draft, with the passages we deem most problematic, highlighted in green.
2. VI can then let us know by COB Friday, July 8, whether it prefers to remove/revise the problematic portions of its brief (and send us the revision), or consent to Gallo filing its

response alongside VI's brief as part of a joint motion for leave.

To be clear, as an expedited compromise, if VI will cut the highlighted sections (or revise to our satisfaction), Gallo would simply agree not to oppose VI's motion without the need for us to file a response.  If VI will not do that, we would want to proceed with the 1 page proposal above.

Alternatively, VI can proceed with its motion for leave, and we will oppose in accordance with the schedule for contested motions.

Let us know as soon as possible how you'd like to proceed, and/or if you'd like to discuss.

Thanks,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f   +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com

---

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Friday, July 1, 2022 9:43 PM
**To:** Woo, Darryl M <DWoo@goodwinlaw.com>
**Cc:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

***EXTERNAL***
Darryl,

  It is not gamesmanship, just skepticism based on the tone of the emails that came back that there was any likelihood of agreement at the end of the delay.  It has been a while since I had a large corporate entity client to wait on, so perhaps I was unduly impatient.  Please everyone enjoy the holiday weekend, stay healthy, and let me know your client's position as soon as possible next week.

  Best,

-- Corey

**From:** Woo, Darryl M <DWoo@goodwinlaw.com>
**Sent:** Friday, July 1, 2022 5:41 PM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Cc:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>; DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** Re: VI v. Gallo - Markman Hearing

[EXTERNAL]

This seems like pure gamesmanship on your part. Instead of providing the brief early in the week, you squeezed us into a last minute situation by sending your brief yesterday, and now it's tell us or else we will file.  On the off chance this is not gamesmanship, we suggest we jointly tell the Court that we believe briefing is not yet complete, and ask that the Court await further word from the parties next week before considering the matter submitted. That will give us both time to consider without prejudice. Please let me know if this is acceptable.

Darryl M. Woo
Goodwin Procter LLP
Sent from my 4G handheld device

> On Jul 1, 2022, at 3:09 PM, Corey Johanningmeier <cjohanningmeier@bdiplaw.com> wrote:
>
>  ***EXTERNAL***
> No, a delay until the middle of next week just to determine whether Gallo will oppose a motion for leave is not acceptable.  I sent you the brief as a courtesy.  I realize the Court has a backlog but we have no way of knowing when the Court will pick up this case believing the briefing to be complete.  If I haven't heard from you before I get the motion converted, I will just go ahead and file the motion as opposed with an explanation of our conferring here.
>
> Regards,
>
> -- Corey
>
> **From:** Zhang, Jenny <JZhang@goodwinlaw.com>
> **Sent:** Friday, July 1, 2022 2:53 PM
> **To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>

3

**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

**[EXTERNAL]**

Corey,

However you choose to characterize it, the "suggestion" in your brief is a previously undisclosed construction, and there is no basis for permitting it at this stage of the proceedings.  That was never contemplated when we discussed a potential compromise last week, and if needed, the record on any opposed motion would make that clear.

We are conferring with our client on this and will get back to you as soon as we can on our position and any proposal.  Given the holiday weekend, and some dealings with COVID, we expect that to be sometime mid-next week.

Regards,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f   +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com


**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Thursday, June 30, 2022 10:54 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

***EXTERNAL***
Jenny,

  As you know, our original proposed construction was and remains: "*data* relating to

4

the predicted, expected, or typical growth, transpiration or evaporation, **such as** growth models, **potential evapotranspiration**, leaf water potential, or crop coefficients." Its not a new construction, just a suggestion that the Court can construe the term to include the disclosed examples from our construction that it thinks your expert admitted were known in the art. The suggestion is responsive both to your new Exhibit P Venn diagram, new Supplemental declaration, as well as to your misleading citation of *Interval Licensing* for the first time in Sur-Reply. There is no new evidence presented in the supplemental brief. "No new argument" is not a condition that makes sense -- given that any argument is response to new evidence is inherently new -- nor is it a condition that I understood to be part of our agreement.

  Please let me know by the end of tomorrow your position, so that I have time to convert the Motion to an opposed one. I would rather not have to do so, so please do consider how the Court will view the information that Gallo changed its mind about opposing after reading the proposed brief, as it reads the proposed brief to determine whether you are justified in opposing its entry.

  Best regards,

-- Corey

---

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Thursday, June 30, 2022 7:10 PM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

[EXTERNAL]

Corey,

Our agreement was that Gallo would not oppose submission of a supplemental brief that was narrowly responsive to the specific evidence VI had alleged was "new matter," so long as the new brief did not raise previously undisclosed evidence and arguments. Here, VI is proposing an entirely new construction for the potential data term that had never been disclosed before: i.e., that potential data should be construed to mean "potential evapotranspiration data." We will confer with our client and get back to you on our position.

Regards,

Jenny

**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f   +1 646 558 4098

JZhang@goodwinlaw.com | goodwinlaw.com

---

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Thursday, June 30, 2022 4:21 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

***EXTERNAL***
Jenny,

  Per our discussion that Gallo would not oppose a motion for leave to file a very short supplemental brief, please see the attached proposed (unopposed) motion and supplemental brief.  Please confirm as soon as possible that Gallo indeed does not oppose the filing of the Motion.

   Best Regards,

-- Corey

---

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Thursday, June 23, 2022 7:36 AM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

**[EXTERNAL]**

Corey, we obviously disagree on your characterization of both the rules and Dr. Allen's declarations, but it'll be more efficient to discuss tomorrow.  I'll send a zoom link and invite shortly.

Jenny

**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o +1 202 346 4075
f +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com

---

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Wednesday, June 22, 2022 4:27 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

\*\*\*EXTERNAL\*\*\*
Jenny,

 The Court's website encourages parties to contact the deputy to ask about calendar issues.  We will courtesy copy you on any such email going forward.  Your suggestion that the Court vacated the hearing because we asked whether it would be in person -- instead of jointly asking whether we could have a joint call to ask whether the hearing was going forward – doesn't make sense.  The now apparent and obvious reason the hearing wasn't calendared is that the Court never intended to hear it.  I for one am disappointed, both because I enjoy being in Court and because I've come to believe that this lengthy hiatus from ever being in the same room with Judges or adversaries is having detrimental effects on the practice and its ability to bring resolution of cases.

 But commentary aside, we will proceed with an opposed motion for leave to file a supplemental brief.  The rules and the Court's Order here put expert disclosures and discovery before briefing started, for good reason.  Dr. Allen is not a participant in the briefing process, nor can he award Gallo extra briefing pages by signing them.  There is no provision or permission to lob in new expert opinion on the fourth brief.  Just as there wasn't permission for the new opinion in the first Allen declaration that wasn't in the report you served during claim construction discovery (para. 71-75).  Also, your note about our Reply is incorrect, the exhibits to our Reply brief that you mention were disclosed in the JCCS and produced to you prior to your first brief.  See Dkt. 69 at 46-48.  In fact, I even recall highlighting them and explaining how we intended to use them in an email to your team at that time.

I think I should be able to confer at 10 pacific on Friday.  Let's reserve that time.

Best regards,

-- Corey

---

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Wednesday, June 22, 2022 11:32 AM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

[EXTERNAL]

Corey,

Ex parte communications with the Court are strongly disfavored, even on procedural matters.  That's why we reached out to you before contacting chambers.  You did not consult with us first on your communication, nor copy us, and evidently as a result, the Court has vacated the Markman hearing.  In the future, please refrain from ex parte communications with the Court, and at least copy us on communications like this with chambers.

On your request for supplemental briefing, we disagree that any supplemental briefing by VI is appropriate.  Dr. Allen's supplemental declaration was properly responsive to arguments made in your reply, and was well within the scope of the opinions disclosed in his expert report.  Similarly, the additional exhibits were merely illustrative of opinions he had already presented.  We note that VI included previously undisclosed exhibits with its reply brief.  Our team is traveling today and tomorrow, but I can be available between 9 am and noon Pacific on Friday to meet and confer.

Regards,

Jenny

**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f  +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com

**From:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>
**Sent:** Tuesday, June 21, 2022 9:43 PM
**To:** Zhang, Jenny <JZhang@goodwinlaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>
**Subject:** RE: VI v. Gallo - Markman Hearing

***EXTERNAL***
Hi Jenny,

  Apologies but today got away from me.

  I had presumed the hearing was going forward.  Judge Mueller held a Markman hearing in May in one of the few other pending E.D. Cal. Patent cases.  We actually have an email inquiry out to Judge Thurston's deputy on whether the hearing would be in-person or via zoom.  It seems likely that our having asked that question may provoke a response on the question you raise, particularly if the Court was indeed not intending to have a hearing.

  Relatedly, Gallo's sur-reply brief is improper, in that it raises new matter that should have been included in claim construction discovery and your first brief.  Specifically, there is no basis under the ND Cal rules we've been using (or any other I know of) for submitting a new expert declaration and never-disclosed exhibits in sur-reply.  Doing so is unfairly prejudicial and flaunts the procedures and briefing limits set by the Court.  We intend seek leave to file a supplemental brief addressing why the Court should disregard the material, or not credit the arguments therein if considered.  By this email we are meeting and conferring with you and requesting that you let us know immediately whether Gallo will oppose our request for leave.  I am also happy to talk about the request assuming it can be done quickly (given the time left until the hearing).

  Regards,

-- Corey

**From:** Zhang, Jenny <JZhang@goodwinlaw.com>
**Sent:** Tuesday, June 21, 2022 7:13 AM
**To:** Corey Johanningmeier <cjohanningmeier@bdiplaw.com>; Low, Elizabeth J. <ELow@goodwinlaw.com>; Brenda Entzminger <bentzminger@bdiplaw.com>; Denise De Mory <ddemory@bdiplaw.com>; BDIP_Vineyard <BDIP_Vineyard@bdiplaw.com>
**Cc:** DG-E&J Gallo-Vineyard Invest <DG-E&JGallo-VineyardInvest@goodwinlaw.com>

**Subject:** VI v. Gallo - Markman Hearing

[EXTERNAL]

Corey,

Now that briefing on claim construction is complete, we thought it might make sense to jointly reach out to the Court to try to get some clarity about whether the Markman hearing will move forward on July 7.  It seems that the hearing has not been added to Judge Thurston's publicly available docket.  Our local counsel suggested that the Court may be treating this as a motions hearing, which per her standing order, are by default canceled unless the Court informs the parties otherwise.  Would VI be amenable to a joint call to chambers today to request clarification?   I am available if you'd like to discuss.

Regards,

Jenny


**Jenny J. Zhang**



Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
o  +1 202 346 4075
f  +1 646 558 4098
JZhang@goodwinlaw.com | goodwinlaw.com

******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************