# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS,<br><br>           Plaintiff,<br><br>     v.<br><br>E. & J. GALLO WINERY,<br><br>           Defendant.                            / | Case No.  1:19-cv-01482-JLT-SKO<br><br>**ORDER DENYING MOTION RE DISCOVERY DISPUTE WITHOUT PREJUDICE**<br><br>**(Doc. 89)** |

Before the undersigned is the parties' "Notice of Motion and Motion re Discovery Dispute" filed on February 8, 2023. Plaintiff Vineyard Investigations seeks an order compelling Defendant E. & J. Gallo Winery to provide complete responses to Plaintiff's requests for production and interrogatories, and Defendant cross-moves for a protective order limiting discovery, to stay damages discovery, and to extend the deadline for fact discovery (the "Motion Re Discovery Dispute"). (Doc. 89.)

The matter was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for February 15, 2023, was vacated. (Doc. 90.) For the reasons set forth below, the Motion re Discovery Dispute is **DENIED** without prejudice.

Pending before the assigned District Judge is the parties' claim construction dispute (*see* Docs. 68–70, 73, 76–77), as well as Plaintiff's motion to file a supplemental claim construction brief (Doc. 79) and Defendant's opposition (Doc. 81). The Court notes that the definitions applicable to Plaintiff's discovery requests, and Defendant's responses, necessarily depend on the construction of the disputed claim terms of the subject patents. (*Compare* Doc. 89-10 at 3

(Plaintiff's interrogatories defining "Asserted Claim" as "include[ing], without limitation, claims 1 and 15, as well as each dependent claim 2-14, of the '834 Patent, and claims 2 and 20, as well as each dependent claim 3-5, 11-14, 17-19, 21-23, 29-32, and 35 thereof, and claims 6, 10, 15, 24, 28, 33, and 36 of the '810 Patent") *with* Doc. 68 at 4–5 (listing "disputed terms" as contained in claims 1 and 15 of the '834 Patent, and in claims 2, 3, 6, 10, 15, 18, 19, 24, 28, 33, and 36 of the '810 Patent); *see also* Doc. 89-11 at 3 (Plaintiff's requests for production providing the same definition of "Asserted Claim"); *see, e.g.*, Doc. 89-10 at 12 (Interrogatory No. 9 seeking "[s]eparately for each of the Accused Systems, describe in detail Gallo's factual and legal bases for any assertions that the Accused Systems do not infringe the Asserted Claims of the Asserted Patents on a system-by-system, patent-by-patent, claim-by-claim, and element-by-element basis . . .").

The District Court's construction of the disputed patent claim terms will affect the scope of the legal claims at issue in this case, and therefore, the scope of relevant discovery. *See, e.g., Funai Elec. Co. v. Daewoo Elecs. Corp.*, No. C 04-1830 CRB (JL), 2005 WL 8159823, at *3 (N.D. Cal. Apr. 14, 2005) (denying plaintiff's motion to compel responses to discovery requests on grounds that "[m]any of the terms used in the requests . . . are potentially disputed claim terms which are the subject of the [claim construction hearing]," and thus "[i]t would be inappropriate to require [d]efendants to respond prior to that hearing."); *accord Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS(MEJ), 2016 WL 913105, at *3 (N.D. Cal. Mar. 10, 2016) ("[T]he Court finds it more appropriate to address such interrogatories after the parties have taken fact discovery and the Court has construed the claim terms.").

Based on the foregoing, in the interests of judicial efficiency and litigation economy, the Court **DENIES** the Motion Re Discovery Dispute without prejudice subject to renewal following the District Court's decision on claim construction.

IT IS SO ORDERED.

Dated:   **March 21, 2023**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE