# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS,<br><br>        Plaintiff,<br><br>   v.<br><br>E. & J. GALLO WINERY,<br><br>        Defendant.<br>_____/ | Case No. 1:19-cv-01482-JLT-SKO<br><br>**ORDER DENYING THE PARTIES' NOTICE AND JOINT REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. 118) |

## I.    INTRODUCTION

On April 9, 2024, Plaintiff Vineyard Investigations ("Plaintiff") and Defendant E. & J. Gallo ("Defendant") filed a "Notice of Joint Request to Seal Documents" (the "Notice") and submitted to the Court a "Joint Request to Seal Documents," pursuant to E.D. Cal. Local Rule 141, seeking to seal their joint statement, appendix, and exhibits relating to Plaintiff's "Motion re Discovery Dispute" (the "Joint Request"). (Doc. 118.) The Court has reviewed the Notice and Joint Request, and the documents sought to be sealed, and has determined that the Notice and Joint Request lack the requisite good cause and cannot be granted. For the reasons set forth below, the Court DENIES the Notice and Joint Request, with leave re-file a request that corrects the deficiencies set forth in this order.

## II.    LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of

overcoming the strong public access presumption. *Id*.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009).

The good cause standard, applicable here, "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." *Ctr. for Auto Safety, LLC*, 809 F.3d at 1097. Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pintos*, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate "good cause" for sealing specific information and documents. *See Kamakana*, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States...."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."); *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd*., 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e*., if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

### III.     DISCUSSION

The parties seek to seal the following documents relating to Plaintiff's "Motion re Discovery Dispute" (Doc. 117): (1) the parties' "Joint Statement re: Discovery Disagreement" pursuant to E.D. Cal. L.R. 251(c) (the "Joint Statement"); (2) the "Appendix" to the Joint Statement; (3) Exhibits 1–2 and 5–11 to the Declaration of Corey Johanningmeier in support of the Joint Statement; and (4) Exhibits D, D-1-D-4, F, and H–J to the Declaration of Matthew Chung in support of Joint Statement. The parties' sole stated justification for sealing these documents is that they are either designated as "Confidential"[1] or "Trade Secret Model and Algorithm Information"[2] or contain material so designated under the parties' stipulated protective order. (*See* Doc. 118 at 2. *See also* Docs. 117-1, 117-4.)

As set forth above, a blanket protective order does not establish good cause to file documents under seal. *See Foltz*, 331 F.3d at 1130. This Court did not make findings of good cause as to any specific document in the litigation, *see id*. at 1133, and the parties have not explained why the

---

[1] "Confidential" information is defined in the parties' stipulated protective order as "information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including information that a Producing Party, including any Party to this action and any Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order, considers in good faith to constitute or contain confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party." (Doc. 43 at 4.)

[2] "Trade Secret Model and Algorithm Information" is defined in the parties' stipulated protective order as "Highly Confidential-Attorneys' Eyes Only information that consists of proprietary and sensitive modeling data and algorithms, or portions thereof, developed by [Defendant] for use in its irrigation decisions and the secrecy of which [Defendant] has taken significant efforts to maintain." (Doc. 43 at 7.)

information contained in the 992 pages they wish to file with the Court under seal is actually "Confidential" or "Highly Confidential-Attorneys' Eyes Only," other than that the parties designated it as such and their stipulated protective order provided that information designated by the parties as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" would be kept as such. Moreover, in the instance of documents allegedly containing "Trade Secret Model and Algorithm Information," the parties does not articulate why such information it is "proprietary" and "sensitive" or what "significant efforts" have been taken by Defendant to maintain its "secrecy" (Doc. 43 at 7). *See Beckman Indus., Inc.*, 966 F.2d at 476.

Additionally, the parties seek to seal documents in their entirety when it appears that redactions would protect any sensitive information. "Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984)). Here, by contrast, the parties seek to seal the entire Joint Statement and its "Appendix," which is a full reproduction of the discovery requests and responses at issue as required by E.D. Local Rule 251(c). (Doc. 118 at 2.) The parties fail to support their contention that the Joint Statement and the "Appendix" should be sealed in their entirety. Such request is overbroad. *See, e.g., Thomas v. Arroyo*, No. 2:13-CV-1743-RFB-VCF, 2015 WL 1805235, at *3 (D. Nev. Apr. 20, 2015) (rejecting request to seal entire motion to dismiss because it referenced purportedly privileged and/or confidential documents). *See also Bangert v. Cnty. of Placer*, No. 2:17-CV-1667 KJN P, 2019 WL 358518, at *13–14 (E.D. Cal. Jan. 29, 2019) (denying motion to seal as overbroad where the parties seeking to seal did "not discuss any of the individual exhibits attached to the [filing], which include[d] public documents such as an article from the Sacramento Bee").

The parties also seek to seal certain exhibits to the declarations of Plaintiff's and Defendant's counsel's respective declarations. (Doc. 118 at 2. *See also* Docs. 117-1, 117-4.) While it may be true that portions of the exhibits may contain information for which there is good cause to protect from public disclosure, it is unclear why Plaintiff's infringement contentions and exhibits (which contain citations to publicly available publications and websites), meet and confer correspondence between the parties' counsel regarding their discovery dispute, and full discovery responses (many

4

of which consist of objections) warrant sealing in their entirety. *See, e.g., Rhuma v. Libya*, No. 2:13-CV-2286 LKK AC, 2014 WL 2093567, at *2 (E.D. Cal. May 19, 2014) (denying motion to seal documents where "plaintiff has not shown why all (or even a vast majority) of the documents anticipated to be filed in this case should be sealed instead of simply redacted on a document-by-document basis").

Because there has, as of yet, been no "particularized showing" as to the documents sought to be sealed, the Notice and Joint Request will be denied. *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document.") (quoting *Kamakana*, 447 F.3d at 1180).

### IV. CONCLUSION AND ORDER

For the reasons set forth above, the parties' Notice and Joint Request to Seal Documents (Doc. 118) is DENIED.

The parties are granted leave to re-file a request to seal, identifying the specific portions of documents which they believe must be redacted and/or filed under seal, *see* E.D. Local Rules 140(b), (d), 141(b), and providing the good cause in support of the request.

IT IS SO ORDERED.

Dated:  **April 11, 2024**            /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE