# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS, | Case No. 1:19-cv-01482-JLT-SKO |
| Plaintiff, | **ORDER GRANTING THE PARTIES' NOTICE AND JOINT REQUEST TO SEAL DOCUMENTS** |
| v. | |
| E. & J. GALLO WINERY, | (Doc. 122) |
| Defendant. | |

## I. INTRODUCTION

On April 30, 2024, Plaintiff Vineyard Investigations ("Plaintiff") and Defendant E. & J. Gallo ("Defendant") filed a "Notice of Request to Seal Documents" (the "Notice") and submitted to the Court a "Joint Request to Seal Documents," pursuant to E.D. Cal. Local Rule 141, seeking to seal unredacted versions of their joint statement, appendix, and various exhibits related to their Motion for a Discovery Dispute (the "Joint Request"). (Doc. 123). This Joint Request follows the Court's denial (Doc. 119) of the parties' previous request (Doc. 118), in which the Court found the parties had failed to establish the requisite good cause. (*See* Doc. 119). The Court has reviewed the parties' revised Notice and Joint Request and the documents sought to be sealed, and the Court has determined that the parties have corrected the deficiencies identified in the Court's previous order. For the reasons set forth below, the Court GRANTS the Notice and Joint Request.

## II. LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096

(9th Cir. 2016) (citations omitted).  Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption.  *Id*.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009).

The good cause standard, applicable here, "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." *Ctr. for Auto Safety, LLC*, 809 F.3d at 1097.  Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pintos*, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate "good cause" for sealing specific information and documents.  *See Kamakana*, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States...."); *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document.");

*San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e.*, if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

### III.   DISCUSSION

The parties seek to seal unredacted versions of the following documents relating to Plaintiff's "Motion re Discovery Dispute" (Doc. 123): (1) the parties' "Joint Statement re: Discovery Disagreement" pursuant to E.D. Cal. L.R. 251(c) (the "Joint Statement"); (2) Exhibits 1-2, 7-11 to the Declaration of Corey Johanningmeier in support of the parties' Joint Statement; (3) the Joint Statement Appendix; and (4) Exhibits F and J to the Declaration of Matthew Chung in support of the parties' Joint Statement. (Doc. 122 at 1). The parties previously sought to seal 992 pages of documents; the current request covers 189 pages.

The parties seek to seal these documents because they contain confidential business information, such as sales figures or other non-public information, like technical information related to Defendant's research and development.[1] Both non-public financial documents and technical information are typically sealable. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Considering these privacy interests, the parties' have adequately articulated "good cause" for maintaining confidentiality. *See Zavala v. GreatBanc Trust Co.*, No. 1:19-cv-00239-DAD-SKO, 2022 WL 17830231, at *2 (E.D. Cal. Dec. 20, 2022). Further, by submitting a revised joint request with fewer documents

---

[1] The parties again argue that the Court should grant their request because the relevant documents contain material designated as confidential under the parties' stipulative protected order. As the Court has previously noted, a blanket protective order does not establish good cause to file documents under seal. *See Foltz*, 331 F.3d at 1130.

and by eliminating documents with otherwise publicly available information, the parties have sufficiently demonstrated a "particularized showing" as to the documents sought to be sealed. *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document.") (quoting *Kamakana*, 447 F.3d at 1180).  For these reasons, the Court will GRANT the parties' Joint Request.

### IV.   CONCLUSION AND ORDER

For the forgoing reasons, the parties' Notice and Joint Request to Seal Documents (Doc. 118) is GRANTED.  The Court ORDERS that the documents listed in the Joint Request be FILED UNDER SEAL in accordance with Local Rule 141.

IT IS SO ORDERED.

Dated:   **May 7, 2024**                         /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE