# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS, | Case No. 1:19-cv-01482-JLT-SKO |
| Plaintiff, | **ORDER GRANTING THE PARTIES' NOTICE AND JOINT REQUEST TO SEAL DOCUMENTS RELATED TO DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S RENEWED MOTION TO COMPEL** |
| v. | |
| E. & J. GALLO WINERY, | |
| Defendant. | (Docs. 140 & 143) |

## I.  INTRODUCTION

On November 20, 2024, Plaintiff Vineyard Investigations ("Plaintiff") and Defendant E. & J. Gallo ("Defendant") filed a "Notice of Request to Seal Documents" (the "Notice") and submitted to the Court a "Joint Request to Seal Documents," pursuant to E.D. Cal. Local Rule 141, seeking to seal unredacted versions of their joint statement various exhibits related to Defendant's Motion to Strike and Plaintiff's Renewed Motion to Compel (the "Joint Request"). (Doc. 143). This Joint Request follows the parties' previous request (Doc. 140), in which the Court observed that although it "indicate[d] the parties wish to redact and seal portions of documents, for many of those documents it is not clear to the Court what redactions, if any, the parties propose." (*See* Doc. 141.) The Court has reviewed the parties' revised Notice and Joint Request and the documents sought to be sealed and/or redacted, and the Court has determined that the parties have corrected the deficiencies identified in the Court's previous order. For the reasons set forth below, the Court GRANTS the Notice and Joint Request.

## II.  LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This is because "the courts of this country

recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted).  Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. *Id.*

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009).

The good cause standard, applicable here, "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." *Ctr. for Auto Safety, LLC*, 809 F.3d at 1097. Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pintos*, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate "good cause" for sealing specific information and documents.  *See Kamakana*, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States...."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party

seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."); *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place.  Nor does it allege specific prejudice or harm now.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order.  It is equally apparent that the obverse also is true, *i.e.*, if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

### III.  DISCUSSION

The parties seek to seal unredacted versions of the following documents relating to related to Defendant's Motion to Strike and Plaintiff's Renewed Motion to Compel (Docs. 136 & 139): (1) the parties' "Joint Statement re: Discovery Disagreement" pursuant to E.D. Cal. L.R. 251(c) (the "Joint Statement"); (2) Exhibits A-C, E-G to the Declaration of Corey Johanningmeier in support of the parties' Joint Statement; and (3) Exhibits 4 and 6 to the Declaration of Matthew Chung in support of the parties' Joint Statement.  (*See* Docs. 140 & 143.)  They further seek to seal in its entirety Exhibit 5 to the Declaration of Matthew Chung in support of the parties' Joint Statement.  (S*ee id*.)  The request covers 288 pages.  (*Id*.)

The parties seek to seal this material and document because it involves confidential business information, such as proprietary information regarding the parties' business operations.[1]  Non-public information regarding a party's business operations is typically subject to sealing.  *See Zavala v. GreatBanc Tr. Co.,* No. 1:19-CV-00239-DAD-SKO, 2022 WL 17830231, at *2 (E.D. Cal. Dec. 20, 2022). Considering these privacy interests, the parties' have adequately articulated "good cause"

---

[1] The parties again argue that the Court should grant their request because the relevant documents contain material designated as confidential under the parties' stipulative protected order.  As the Court has previously noted, a blanket protective order does not establish good cause to file documents under seal.  *See Foltz*, 331 F.3d at 1130.

for maintaining confidentiality. *See id*. Further, by submitting a revised joint request that eliminates redaction of otherwise publicly available information, the parties have sufficiently demonstrated a "particularized showing" as to the material and document sought to be sealed. *See In re High-Tech Employee Antitrust Litig*., No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document.") (quoting *Kamakana*, 447 F.3d at 1180). For these reasons, the Court will GRANT the parties' Joint Request.

### IV.   CONCLUSION AND ORDER

For the forgoing reasons, the parties' Notice and Joint Request to Seal Documents related to Defendant's Motion to Strike and Plaintiff's Renewed Motion to Compel (Docs. 140 & 143) is GRANTED. The Court ORDERS that the unredacted documents listed in the Joint Request be FILED UNDER SEAL in accordance with Local Rule 141. **By no later than two (2) days of the date of this Order**, the parties SHALL file on the docket redacted versions of (1) the parties' "Joint Statement re: Discovery Disagreement" pursuant to E.D. Cal. L.R. 251(c) (the "Joint Statement"); (2) Exhibits A-C, E-G to the Declaration of Corey Johanningmeier in support of the parties' Joint Statement; and (3) Exhibits 4 and 6 to the Declaration of Matthew Chung in support of the parties' Joint Statement.

IT IS SO ORDERED.

Dated:   **November 20, 2024**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE