UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. & J. GALLO WINERY,<br><br>　　　　Defendant | Case No. 1:19-cv-01482-JLT-SKO<br><br>**ORDER VACATING HEARING, GRANTING DEFENDANT'S MOTION TO STRIKE, AND DENYING PLAINTIFF'S RENEWED MOTION TO COMPEL**<br><br>(Docs. 136 & 139) |

## I.　　INTRODUCTION

On October 18, 2024, Defendant E. & J. Gallo Winery ("Defendant") filed a "Motion to Strike Plaintiff Vineyard Investigations ["Plaintiff"]'s Amended Preliminary Infringement Contentions" ("Motion to Strike") and Plaintiff filed a "Renewed Motion to Compel" ("Renewed Motion to Compel"). (Doc. 136.) The parties submitted their "Joint Statement re Discovery Disagreement" (the "Joint Statement") pursuant to this Court's Local Rule 251 on November 13, 2024.[1] (*See* Doc. 139). Having considered the Motion, Joint Statement, and supporting exhibits, and for the reasons set forth below, the Court grants the Motion to Strike and denies the Renewed Motion to Compel.

//

//

---

[1] The unredacted Joint Statement is filed under seal; the redacted version is to be filed on the docket by November 22, 2024. (*See* Doc. 144.)

## II. BACKGROUND

Plaintiff initiated this action in October 2019, asserting that Defendant infringed two patents through its use of certain variable rate drip irrigation systems. (Doc. 1.)

A scheduling conference was held in this case in May 2021. (Doc. 40.) Following the conference, the Court issued a Scheduling Order that set deadlines for, among other things, the parties' respective infringement and invalidity patent disclosures. (Doc. 41 at 3.) The Order provides that such disclosures "shall be made in accordance with Rule 3 of the Patent Local Rules of the United States District Court for the Northern District of California, which is adopted for such limited purpose in this case." (*Id.*) In August 2021, Plaintiff timely served its Preliminary Infringement Contentions ("PICs") on Defendant. (Docs. 127-11 – 127-15.)

On May 3, 2024, Plaintiff moved to compel Defendant to supplement its responses to previously served requests for production and interrogatories because Defendant's responses only included information related to the specific vineyards that Plaintiff identified in PICs. (Doc. 123.) Defendant opposed the motion. (*See* Doc. 127.)

The Court denied Plaintiff's motion on July 24, 2024, finding that Plaintiff's "broad request requires further specificity" and limiting discovery to the allegedly infringing systems identified in its PICs. (Doc. 133 at 5.) The Court's order indicated that Plaintiff "may reduce the scope of these broad categorical identifications by identifying the infringing features the unnamed systems share with the systems named in its PICs" and suggested that such specificity "may be sufficient to narrow the scope of its interrogatories and requests for production." (*Id.* at 10–11 and n.4.)

On October 4, 2024, without seeking leave of court, Plaintiff served Defendant with Amended Preliminary Infringement Contentions ("Amended PICs"). (Docs. 139-7 – 139-9.) Defendant objected to the Amended PICs on October 7, 2024. (*See* Joint Statement at 5.) After meeting and conferring, the parties filed their respective motions on October 18, 2024. (Doc 136.)

Defendant requests that the Court strike Plaintiff's Amended PICs because they do not comply with Patent Local Rules 3-1 and 3-6 and exceed the scope of the Court's July 24, 2024, order. (*See* Joint Statement at 5–8.) Plaintiff renews its request that the Court compel Defendant to

provide further responses to Plaintiff's discovery requests in view of the "more specific definitions" and "available evidence" included in its Amended PICs. (*Id*. at 8–12.)

### III.   DISCUSSION

As mentioned above, the parties' patent disclosures in this case are governed by the Rule 3 of the Patent Local Rules of the United States District Court for the Northern District of California. (*See* Doc. 41 at 3.) Patent Local Rule 3-6 permits amendment of infringement contentions "only by order of the Court" and only upon a "timely showing of good cause." Patent L.R. 3-6. The rule lists several examples of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause." *Id.* These include:

(a) A claim construction by the Court different from that proposed by the party seeking amendment;

(b) Recent discovery of material, prior art despite earlier diligent search; and

(c) Recent discovery of nonpublic information about the [accused apparatus, product, device, process, method, act, or other instrumentality] which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6. "The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id*.

Good cause for amendment requires the moving party to show that (1) the party was diligent in amending its contentions; and (2) the non-moving party will not be prejudiced by the amendment. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1366 (Fed. Cir. 2006); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc*., 278 F.R.D. 505, 507–08 (N.D. Cal. 2011). If the Court finds that a party was not diligent, it need not consider the question of prejudice. *O2 Micro*, 467 F.3d at 1368; *Verinata Health, Inc. v. Ariosa Diagnostics, Inc*., 236 F. Supp. 3d 1110, 1112–13 (N.D. Cal. 2017).

Here, Plaintiff has failed to articulate, much less show, good cause for having served its Amended PICs. In fact, Plaintiff does not mention Patent Local Rule 3-6 in its portion of the parties' Joint Statement. Instead, Plaintiff points to the "explicit permission" given by the Court to provide "additional specificity" in its July 24, 2024, order, and then goes on state that it "chose" to amend

its infringement contentions following that order.  (*See* Joint Statement at 8–9.)

The Court did not invite Plaintiff to provide additional specificity relating to its PICs; rather, it invited Plaintiff to provide additional specificity relating to its interrogatories and requests for production to "narrow [their] scope." *See Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC (KAW), 2015 WL 5897719, at *2 (N.D. Cal. Oct. 9, 2015) (declining to consider challenge to sufficiency of infringement contentions in discovery dispute).  Indeed, the sufficiency of Plaintiff's PICs was not—and has never been—before the Court.  Nor did the Court grant—or Plaintiff seek—permission to amend the PICs prior to serving the Amended PICs on Defendant.  *Cf. Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR JSC, 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) ("If Mediatek wishes to seek discovery of these products on the ground that they infringe the patents-in-suit, ***it must first seek and be allowed to amend its PICs to include these additional accused products***.") (emphasis added).

## IV.    CONCLUSION AND ORDER

Because Plaintiff has neither sought to amend its PICs nor shown good cause for doing so, Defendant's Motion to Strike (Doc. 136 & 139) is GRANTED.  *See Broadcom Corp. v. Qualcomm Inc.*, No. SACV05467JVSRNBX, 2006 WL 8441691, at *1 (C.D. Cal. Dec. 5, 2006) (order granting motion to strike a party's amended infringement contentions is appropriate when the party claiming infringement has neither sought leave from the Court prior to servings its amended contentions nor demonstrated good cause to amend) (citing *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. C 02-3378 JSW, 2006 WL 463549, at *1 (N.D. Cal. Feb. 23, 2006)).  Plaintiff's Amended PICs are hereby STRICKEN, and the original PICs remain the operative contentions.[2]

//

//

//

---

[2] Defendant also asserts Plaintiff's Amended PICs do not comply with Patent Local Rule 3-1 because they "do not specifically identify an accused system." (Joint Statement at 13.)  While the Court does observe that the Amended PICs include language that courts have found impermissibly broad, *see, e.g., Finjan, Inc. v. Proofpoint, Inc*., No. 13-CV-05808-HSG, 2015 WL 1517920, at *6 (N.D. Cal. Apr. 2, 2015), because they are ordered stricken, Defendant's challenge to their sufficiency is moot.  If Plaintiff ultimately seeks and is permitted by the Court to amend the PICs, Defendant may raise any challenge to their sufficiency at that time.  *See DSS Tech. Mgmt., Inc. v. Apple, Inc*., No. 14-CV-05330-HSG (LB), 2019 WL 2296799, at *2 (N.D. Cal. May 30, 2019).

Plaintiff's Renewed Motion to Compel (Doc. 136 & 139) is DENIED for the reasons set forth in the Court's July 24, 2024, order (Doc. 133).

The hearing on these motions set for November 27, 2024, is VACATED.

IT IS SO ORDERED.

Dated:   **November 22, 2024**                          /s/ *Sheila K. Oberto*
                                                                                  UNITED STATES MAGISTRATE JUDGE