# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEYARD INVESTIGATIONS,<br><br>        Plaintiff,<br><br>    v.<br><br>E. & J. GALLO WINERY,<br><br>        Defendant.<br>_____/ | Case No. 1:19-cv-01482-JLT-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' NOTICE AND JOINT REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. 138) |

## I.  INTRODUCTION

On November 6, 2024, Plaintiff Vineyard Investigations ("Plaintiff") and Defendant E. & J. Gallo ("Defendant") filed a "Notice of Joint Request to Seal Documents" (Doc. 138) (the "Notice") and submitted to the Court a "Joint Request to Seal Documents," pursuant to E.D. Cal. Local Rule 141, seeking to seal their joint statement and exhibits relating to Defendant's "Motion to Disqualify Vineyard Investigations' Expert Dr. Mark Greenspan" (Doc. 135) (the "Joint Request").  The Court has reviewed the Notice and Joint Request, and the documents sought to be sealed, and has determined that the Notice and Joint Request establish good cause to seal some of the documents but lack the requisite good cause as to other documents.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Notice and Joint Request, with leave to re-file a request that corrects the deficiencies set forth in this order.

## II.  LEGAL STANDARD

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.

2016) (citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. *Id*.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009).

The good cause standard, applicable here, "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." *Ctr. for Auto Safety, LLC*, 809 F.3d at 1097. Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pintos*, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality").

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate "good cause" for sealing specific information and documents. *See Kamakana*, 447 F.3d at 1183 ("[a]lthough the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."); *San Jose Mercury*

*News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (citations omitted)); *see also Jepson, Inc. v. Makita Elec. Works, Ltd*., 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e*., if good cause is not shown, the discovery materials in question should not receive judicial protection." (citations omitted)).

### III.  DISCUSSION

The parties seek to seal the following documents relating to Defendant's "Motion to Disqualify Vineyard Investigations' Expert Dr. Mark Greenspan" (Doc. 135): (1) the parties' Rule 251 Joint Statement Regarding Discovery Dispute; (2) Exhibits 3 and 4 to the Declaration of Matthew Chung in support of the parties' Rule 251 Joint Statement Regarding Gallo's Motion to Disqualify Vineyard Investigations' Expert Dr. Mark Greenspan (the "Chung Declaration"); and (3) Exhibits B and C to the Declaration of Michelle Lewis in support of the parties' Rule 251 Joint Statement Regarding Gallo's Motion to Disqualify Vineyard Investigations' Expert Dr. Mark Greenspan (the "Lewis Declaration").

On November 14, 2024, the Court entered a minute order indicating it was in receipt of the parties' attachments to their Joint Request but it was unclear whether the parties sought several of the attached documents to be redacted or sealed in their entirety, as the documents did not include proposed redactions to evaluate pursuant to the good cause standard. (Doc. 141.) The Court instructed the parties to resubmit submissions as to their Joint Statement, as well as Exhibits B and C to the Lewis Declaration clarifying (1) what highlighted material therein is proposed to be redacted or (2) whether the document is requested to be sealed in its entirety. The Court also advised the parties that it was, consistent with its prior order (*see* Doc. 119), it was disinclined to seal the documents in their entirety. The parties resubmitted their documents in response to the Court's

order adding proposed redactions to the Joint Statement, but not to Exhibits B and C to the Lewis Declaration. (Doc. 143.)

The parties' primary stated justification for sealing these documents is that they are either designated as "Confidential"[1] or "Trade Secret Model and Algorithm Information"[2] under the parties' stipulated protective order. *See* Declaration of Matthew Chung In Support of Joint Request to Seal ("Chung Sealing Declaration") at 2–3.

As set forth above, a blanket protective order does not establish good cause to file documents under seal. *See Foltz*, 331 F.3d at 1130. This Court did not make findings of good cause as to any specific document in the litigation, *see id*. at 1133. Therefore, in the instance of documents allegedly containing "Trade Secret Model and Algorithm Information," in order for the Court to grant the request, the parties must have articulated *with particularity* why such information it is "proprietary" and "sensitive" or what "significant efforts" have been taken by Defendant to maintain its "secrecy" (Doc. 43 at 7). *See Beckman Indus., Inc.*, 966 F.2d at 476.

**A. Joint Statement and Exhibits 3 & 4**

While the parties' primary justification for sealing is based on provisions of the Protective Order, the parties also provide a sentence of "articulated reasoning" in support of the suggested redactions as to each the Joint Statement and Exhibits 3 and 4 to the Chung Declaration. *See Beckman Indus., Inc.*, 966 F.2d at 476. Chung Sealing Declaration at 2–3. And, importantly, they do not seek these documents to be sealed in their entirety.

Consistent with prior requests for sealing that have been granted (*see* Docs. 125, 144), the parties contend the documents contain confidential business information, including non-public information such as technical information related to Defendant's research and development.

---

[1] "Confidential" information is defined in the parties' stipulated protective order as "information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including information that a Producing Party, including any Party to this action and any Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order, considers in good faith to constitute or contain confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party." (Doc. 43 at 4.)

[2] "Trade Secret Model and Algorithm Information" is defined in the parties' stipulated protective order as "Highly Confidential-Attorneys' Eyes Only information that consists of proprietary and sensitive modeling data and algorithms, or portions thereof, developed by [Defendant] for use in its irrigation decisions and the secrecy of which [Defendant] has taken significant efforts to maintain." (Doc. 43 at 7.)

Technical information is typically sealable. *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Court finds the parties' have adequately articulated "good cause" for maintaining confidentiality. *See Zavala v. GreatBanc Trust Co.*, No. 1:19-cv-00239-DAD-SKO, 2022 WL 17830231, at *2 (E.D. Cal. Dec. 20, 2022). Further, by submitting a revised joint request with specific redactions consistent with redactions already accepted by the Court in relation to other discovery requests, the parties have sufficiently demonstrated a "particularized showing" as to these documents. *See In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) ("Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document.") (quoting *Kamakana*, 447 F.3d at 1180). For these reasons, the Court will GRANT the parties' Joint Request as to Joint Statement and Exhibits 3 and 4 to the Chung Declaration.

**B.  Exhibits B & C**

The parties did not propose any redactions to Exhibits B and C to the Lewis Declaration. While the parties did not "indicate . . . whether [Exhibits B and C to the Lewis Declaration are] requested to be sealed in [their] entirety" (Doc. 141), the Court construes the parties request as one seeking that these documents be sealed *in toto*. As the Court has previously indicated (Docs. 119, 141), the Court is disinclined to seal documents *in toto*, in light of the rule that "[a]ny order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984)). Because the parties fail to meaningfully support their contention that aged employee handbooks should be sealed *in toto*, their request is overbroad. *See, e.g., Thomas v. Arroyo*, No. 2:13-CV-1743-RFB-VCF, 2015 WL 1805235, at *3 (D. Nev. Apr. 20, 2015) (rejecting request to seal entire motion to dismiss because it referenced purportedly privileged and/or confidential documents).

The Court is somewhat skeptical of the contention that employee handbooks that are approximately two decades old are "commercially sensitive" or that the aged information about Defendant's "internal operations" warrant any protection from public disclosure by way of

5

redaction, let alone sealing *in toto*. *See, e.g.*, *White v. Symetra Assigned Benefits Serv. Co.*, No. 20-1866 MJP, 2022 WL 1136804, at *5 (W.D. Wash. Apr. 18, 2022) ("It is not self-evident that these records—which are ten or more years old—provide to competitors much more than historical insight into Defendants' business operations." (citations omitted)); *Allen v. Conagra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2020 WL 4673914, at *4 (N.D. Cal. Aug. 12, 2020) ("I will not seal any business documents that are more than ten years old, no matter how confidential and proprietary they were at the time of their creation."); *cf. Wilkinson v. F.B.I.*, 633 F. Supp. 336, 346 (C.D. Cal. 1986) ("Although it is true that the age of the documents alone will not justify the conclusion that there are no retained or residual privacy interests and it is similarly true that age may also diminish the public interest in disclosure . . . 'a blanket assertion of privacy involving records over 20 years old is impermissible.'")

Because there has been no "particularized showing" of good cause as to Exhibits B and C to the Lewis Declaration, the parties request as to these documents will be denied. *See In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 ("Even under the 'good cause' standard of Rule 26(c), . . . a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document.") (quoting *Kamakana*, 447 F.3d at 1180).

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the parties' Notice and Joint Request to Seal Documents (Doc. 118) is **DENIED IN PART** and **GRANTED IN PART**.

The Court ORDERS that the unredacted documents listed in the Joint Request for which the Court grants the parties request for sealing—specifically, the parties' Rule 251 Joint Statement Regarding Discovery Dispute and Exhibits 3 and 4 to the Chung Declaration in support of the parties' Rule 251 Joint Statement Regarding Gallo's Motion to Disqualify Vineyard Investigations' Expert Dr. Mark Greenspan (the "Chung Declaration") —be FILED UNDER SEAL in accordance with Local Rule 141. **By no later than two (2) days of the date of this Order**, the parties SHALL file on the docket redacted versions of those documents.

The parties are granted leave to re-file a request to seal Exhibits B and C to the Lewis Declaration, identifying the specific portions of documents which they believe must be redacted and/or filed under seal, *see* E.D. Local Rules 140(b), (d), 141(b), and providing the good cause in support of the request.[3]

IT IS SO ORDERED.

Dated:   **November 25, 2024**                       /s/ *Sheila K. Oberto*                 .
                                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] To avoid spending limited resources "denying motions to seal a wide variety of standard business documents," the Court advises the parties to request sealing only if they are able to make a *particularized* good cause showing, independent of the terms of the protective order. *Melwani v. Amazon.com Inc.*, 2:21-cv-01329-RSM (W.D. Wash. Aug. 14, 2023) (Doc. 81).